# 22-1108-cv

IN THE

# United States Court of Appeals

FOR THE SECOND CIRCUIT

➤➤ ◄◄

SELIM ZHERKA, "SAM",

*Plaintiff-Appellant,*

*v.*

MERRICK B. GARLAND, ATTORNEY GENERAL OF THE
UNITED STATES, IN HIS OFFICIAL CAPACITY,

*Defendant-Appellee.*

_____

*On Appeal from the United States District Court
for the Southern District of New York*

## BRIEF FOR PLAINTIFF-APPELLANT

Anthony G. Piscionere
PISCIONERE & NEMAROW, P.C.
*Attorneys for Plaintiff-Appellant*
363 Boston Post Road
Rye, New York 10580
914-835-6900

# TABLE OF CONTENTS

**Page**

TABLE OF AUTHORITIES ................................................................... iii

JURISDICTIONAL STATEMENT ........................................................ 1

STATEMENT OF THE ISSUES ............................................................ 2

STATEMENT OF THE CASE ............................................................... 3

    FACTUAL BACKGROUND ............................................................ 3

    RELEVANT PROCEDURAL HISTORY ....................................... 4

STANDARD OF REVIEW ................................................................... 7

SUMMARY OF ARGUMENT ............................................................. 7

ARGUMENT ...................................................................................... 10

    SECOND AMENDMENT ............................................................ 10

1. THE ORDER AND JUDGMENT SHOULD BE
   VACATED AND THE CASE REMANDED FOR
   FURTHER CONSIDERATION IN LIGHT OF THE
   SUPREME COURT DECISION IN *BRUEN* ............................. 10

2. THE DISTRICT COURT ERRED IN RELYING
   ON CASES FROM OTHER CIRCUITS WITH NO
   PRECEDENTIAL AUTHORITY TO SUPPORT ITS
   HOLDING THAT THE APPLICATION OF SECTION
   922(G)(1) TO INDIVIDUALS CONVICTED OF
   NON-VIOLENT FINANCIAL FELONIES, LIKE
   ZHERKA, DOES NOT IMPINGE UPON CONDUCT
   PROTECTED BY THE SECOND AMENDMENT ................... 19

FIFTH AMENDMENT ................................................................... 30

3.  THE DISTRICT COURT ERRED IN DISMISSING
    ZHERKA'S FIFTH AMENDMENT DUE PROCESS
    CLAIM PREMISED ON HIS INABILITY TO SEEK
    RELIEF FROM SECTION 922(G)(1)'S FIREARM
    BAN THROUGH SECTION 925(C) ........................................... 30

CONCLUSION ................................................................................ 35

CERTIFICATE OF COMPLIANCE ................................................ 36

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Ashcroft v. Iqbal*,
556 U.S. 662 (2009).........................................................................7

*Bell Atl. Corp. v. Twombly*,
550 U.S. 544 (2007)....................................................................7, 29

*Connecticut Department of Public Safety v. Doe*,
538 U.S. 1 (2003).....................................................................*passim*

*District of Columbia v. Heller*,
554 U.S. 570 (2008)..................................................................*passim*

*Duncan v. Bonta*,
49 F.4th 1228 (9th Cir. 2022) .............................................................13

*Folajtar v. Att'y Gen. of the U.S.*,
980 F.3d 897 (3d Cir. 2020) ........................................................26, 27

*Hatfield v. Barr*,
925 F.3d 950 (7th Cir. 2019) ............................................................21

*Hatfield v. Sessions*,
322 F.Supp.3d 885 (S.D. Ill. 2018)...............................................21, 22

*Jones v. Bonta*,
47 F.4th 1124 (9th Cir. 2022) ...........................................................13

*Kanter v. Barr*,
919 F.3d 437 (7th Cir. 2019) .........................................21, 22, 27, 28

*Libertarian Party of Erie County v. Cuomo*,
970 F.3d 106 (2d Cir. 2020) ............................................................29

*Martinez v. Villanueva*,
No. 20-56233, 2022 WL 2452308 (9th Cir. July 6, 2022) .................13

*McDonald v. Chicago*,
  561 US 742 (2010)...................................................................................2, 10, 11

*Medina v. Whitaker*
  913 F.3d 152 (D.C. Cir. 2019)....................................................................*passim*

*New York State Rifle & Pistol Ass'n, Inc. v. Bruen*,
  142 S. Ct. 2111 (2022)...............................................................................*passim*

*New York State Rifle & Pistol Ass'n, Inc. v. Bruen*,
  597 U.S. —— (2022)..............................................................................13

*Oakland Tactical Supply, LLC v. Howell Twp., Michigan*,
  2022 WL 3137711 (6th Cir. Aug. 5, 2022)........................................................13

*Paul v. Davis*,
  424 U.S. 693, 96 S.Ct. 1155, 47 L.Ed.2d 405 ....................................................34

*Saferstein v. Lawyers' Fund for Client Prot.*,
  142 F. App'x 494 (2d Cir. 2005)........................................................................11

*Schrader v. Holder*,
  704 F.3d 980 (D.C. Cir. 2013)..............................................................9, 25, 26

*Sibley v. Watches*,
  2022 WL 2824268 (2d Cir. July 20, 2022)........................................................12

*Sierra Club v. Con-Strux, LLC*,
  911 F.3d 85 (2d Cir. 2018) .................................................................................7

*Taveras v. New York City, New York*,
  2022 WL 2678719 (2d Cir. July 12, 2022)..................................................11, 12

*United States v. Bean*,
  537 U.S. 71 (2002)........................................................................................4, 32

*United States v. Brown*,
  436 Fed.Appx. 725 (8th Cir.2011).............................................................23, 24

*United States v. Charles*,
  2022 WL 4913900 (W.D. Tex. Oct. 3, 2022)......................................................17

*United States v. Cockerham*,
   2022 WL 4229314 (S.D. Miss. Sept. 13, 2022) ...................................................14

*United States v. Collette*,
   2022 WL 4476790 (W.D. Tex. Sept. 25, 2022) ...................................................17

*United States v. Coombes*,
   2022 WL 4367056 (N.D. Okla. Sept. 21, 2022)...................................................16

*United States v. Gonzalez*,
   2022 WL 4376074 (7th Cir. Sept. 22, 2022) ......................................................17

*United States v. Hill*,
   2022 WL 4361917 (S.D. Cal. Sept. 20, 2022)....................................................15

*United States v. Ingram*,
   2022 WL 3691350 (D.S.C. Aug. 25, 2022).........................................................14

*United States v. Jackson*,
   2022 WL 4226229 (D. Minn. Sept. 13, 2022)............................................15, 19

*United States v. Jiminez*,
   895 F.3d 228 (2d Cir. 2018) ................................................................................28

*United States v. Minter*,
   2022 WL 10662252 (M.D. Pa. Oct. 18, 2022) ..................................................11

*United States v. Perez-Garcia*,
   2022 WL 4351967 (S.D. Cal. Sept. 18, 2022)...................................................11

*United States v. Price*,
   2022 WL 6968457 (S.D.W. Va. Oct. 12, 2022) .................................................17

*United States v. Torres-Rosario*,
   658 F.3d 110 (1st Cir. 2011).............................................................................9, 24

*United States v. Williams*,
   616 F.3d 685 (7th Cir. 2010) .........................................................................20, 21

*United States v. Woolsey*,
   759 F.3d 905 (8th Cir. 2014) ........................................................................22, 24

*United States v. Yancey*,
   621 F.3d 681 (7th Cir. 2010) ...............................................................26

*Wisconsin v. Constantineau*,
   400 U.S. 433, 91 S.Ct. 507, 27 L.Ed.2d 515 ......................................34

*Zherka v. Garland*,
   ___ F. Supp. 3d ___, 2022 WL 865957
   (S.D.N.Y. Mar. 23, 2022) ......................................................................5

## Statutes

18 U.S.C. § 371 ....................................................................................3

18 U.S.C. § 922 ..................................................................................29

18 U.S.C. § 922(g) ...............................................................1, 7, 22, 30

18 U.S.C. § 922(g)(1)....................................................................*passim*

18 U.S.C. § 922(g)(6)...........................................................................28

18 U.S.C. § 922(k) ...............................................................................17

18 U.S.C. § 925(c) .........................................................................*passim*

28 U.S.C. § 1291 ...................................................................................2

28 U.S.C. § 1331 ...................................................................................1

42 U.S.C.A. § 1983 ........................................................................11, 12

Penal Law § 400.00(1)(b) ...................................................................13

## Rules

Federal Rules of Civil Procedure 12(b)(6) .......................................7, 25

Federal Rules of Civil Procedure 25(d) .................................................1

**Other Authorities**

Second Amendment to the U.S. Constitution ...................................................*passim*

Fifth Amendment Due Process Clause to the
    U.S. Constitution..............................................................................................*passim*

Fourteenth Amendment Due Process Clause to the
    U.S. Constitution..............................................................................................12, 33

# JURISDICTIONAL STATEMENT

The District Court had federal question jurisdiction over this dispute pursuant to 28 U.S.C. § 1331, as the underlying action arose under the United States Constitution. (App'x[1] A7). Specifically, Plaintiff-Appellant Selim "Sam" Zherka ("Zherka") alleged violations of his Second and Fifth Amendment rights. (App'x A5-15). He sought a declaration that 18 U.S.C. § 922(g) is unconstitutional as applied to him because as a non-violent felon there is no rational or reasonable basis to deny him his Second Amendment right to bear arms. *Id.* He also sought a declaration that his Fifth Amendment due process right is being violated because Defendant-Appellee Merrick B. Garland (the "A.G.")[2] refuses to implement the remedial procedure delineated in 18 U.S.C. § 925(c). *Id.*

By Memorandum Opinion and Order dated March 23, 2022 (the "Order"), the District Court granted the A.G.'s Motion to Dismiss Zherka's action in its entirety. (App'x A118-130). A Judgment dated March 23, 2022 (the "Judgment"), Ordered, Adjudged, and Decreed that for the reasons set forth in the Order, the A.G.'s motion to dismiss was granted in its entirety and the case was closed. Zherka hereby appeals to this Court from the Order and Judgment.

---

[1] All citations to the Appendix are referenced as "App'x __".
[2] Merrick B. Garland was automatically substituted for William P. Barr as the Defendant in the underlying action, in accordance with Fed. R. Civ. P. 25(d); and the Lower Court confirmed that substitution as an order of the Court. (App'x A118).

1

This Court has jurisdiction over this appeal under 28 U.S.C. § 1291 because the District Court Judgment dismissed the action in its entirety and closed the case on March 23, 2022. (App'x A131). Zherka filed a timely notice of appeal on May 20, 2022. (App'x A132). According to a Notice of Expedited Appeal, Zherka's brief is due no later than November 10, 2022. (ECF Document 65). Accordingly, this Appeal is timely.

For the reasons set forth herein, it is respectfully submitted that the Order and Judgment should be vacated and the case remanded for further consideration, and for such other and further relief as this Court deems just and proper.

## STATEMENT OF THE ISSUES

1.      Whether the Order and Judgment should be vacated and the case remanded for further consideration in light of the Supreme Court decision *New York State Rifle & Pistol Ass'n, Inc. v. Bruen,* 142 S. Ct. 2111 (2022), which rejected the two-step inquiry in *District of Columbia v. Heller*, 554 U.S. 570 (2008) and *McDonald v. Chicago*, 561 US 742 (2010).

2.      Whether the District Court erred in relying on cases from other Circuits with no precedential authority to support its holding that the application of Section 922(g)(1) to individuals convicted of non-violent financial felonies, like Zherka, does not impinge upon conduct protected by the Second Amendment.

2

3.     Whether the District Court erred in dismissing Zherka's Fifth Amendment due process claim premised on his inability to seek relief from Section 922(g)(1)'s firearms ban thorough Section 925(c).

## STATEMENT OF THE CASE

## FACTUAL BACKGROUND

In December 2015, Zherka pled guilty in the United States District Court for the Southern District of New York to one count of criminal conspiracy, 18 U.S.C. § 371, for making a false statement to a bank and signing and filing a false federal income tax return. (App'x A6). The court sentenced him to thirty-seven (37) months' imprisonment, ordered him to pay a fine, and imposed restitution and forfeiture. *Id.* The court also imposed three (3) years of supervised release, a condition of which prohibited Zherka from possessing a firearm, ammunition, destructive device, or any dangerous weapon. (App'x A8). Zherka was released from prison in January 2017 and served the remainder of his sentence in home confinement until May 2017. (App'x A6). His term of supervised release expired in May 2020. (App'x A8).

Convicted felons are categorically prohibited under federal law from acquiring, receiving, or possessing a firearm, regardless of the nature of their offense(s). *See* 18 U.S.C. § 922(g)(1). But they may apply to the Attorney General for relief from this prohibition, and the Attorney General

3

> may grant such relief if it is established to his satisfaction
> that the circumstances regarding the [felony offense(s)],
> and the applicant's record and reputation, are such that the
> applicant will not be likely to act in a manner dangerous
> to public safety and that the granting of the relief would
> not be contrary to the public interest.

18 U.S.C. § 925(c). A person whose application is denied "may file a petition with the United States district court for the district in which he resides for a judicial review of such denial." *Id.* Since 1992, however, Congress has failed to fund this relief program, which had been administered by the Bureau of Alcohol, Tobacco, Firearms and Explosives ("ATF") (as delegated by the Attorney General).

Thus, any application Zherka could make to the Attorney General would be returned, not acted upon, and neither granted nor denied. Absent an actual denial by the Attorney General of an otherwise properly presented application, any petition for review filed in the appropriate district court would be dismissed for lack of statutory subject matter jurisdiction. *See United States v. Bean,* 537 U.S. 71 (2002). Accordingly, Zherka has no remedy or recourse under Section 925(c), and the pursuit of such a statutory claim would be futile. (App'x A9).

## **RELEVANT PROCEDURAL HISTORY**

In September 2020, Zherka sued the A.G. in his official capacity, alleging violations of his Second and Fifth Amendment rights. (App'x A5-15). Specifically, Zherka claimed that: (1) section 922(g)(1)'s categorical prohibition on possession of a firearm, as applied to him—an individual convicted of a non-violent financial

felony—violates the Second Amendment; and (2) his inability to seek relief under Section 925(c) violates his Fifth Amendment due process rights. (App'x A5-15). Zherka sought declaratory and injunctive relief. *Id.*

The A.G. moved to dismiss, arguing first, that Zherka's Second Amendment challenge should be rejected because his crimes, though non-violent, are within the bounds of criminal conduct traditionally barring felons from firearm possession. (App'x A36-66). Second, even if Zherka were correct that the Second Amendment is implicated because he only pleaded guilty to a non-violent felony, the restrictions that Section 922(g)(1) imposes on non-violent felons would survive intermediate scrutiny under Second Circuit precedent. *Id.* Third, that Zherka's due process challenge fares no better because the Supreme Court has held that felon disenfranchisement laws are only subject to—and easily survive—rational basis review, a holding that the Ninth and Eleventh Circuits have concluded survives *Heller*, and even those courts to apply intermediate scrutiny post-*Heller* have uniformly concluded that Section 922(g)(1) survives intermediate scrutiny due to its substantial furtherance of the Government's compelling interest in public safety and crime prevention. *Id.*

In March 2022, the district court granted the Attorney General's motion in its entirety. *Zherka v. Garland*, ___ F. Supp. 3d ___, 2022 WL 865957 (S.D.N.Y. Mar. 23, 2022). (See also, App'x A118-131). The District Court, relying on the now-

rejected two-step framework, held that the application of Section 922(g)(1) to individuals convicted of non-violent financial felonies, like Zherka, does not impinge upon conduct protected by the Second Amendment, and that Zherka's claim fails at step one of the two-step analysis for determining whether a statute violates an individual's Second Amendment rights. (App'x A118-130). The District Court held that because Zherka's claim fails at step one, it need not and did not reach the second step of the analysis. *Id.* The District Court also held that Zherka's inability to receive a hearing under Section 925(c) does not constitute a procedural due process violation and this claim is foreclosed by the Supreme Court's decision in *Connecticut Department of Public Safety v. Doe*, 538 U.S. 1 (2003). *Id.* The District held, "Here, as with the sex offender registry law in *Doe*, Section 922(g)(1) 'make[s] the deprivation turn solely on the fact of the prior conviction—not the significance of that conviction for future behavior.' *Id.* at 34-35. It follows, then, that 'due process does not entitle [P]laintiff to a hearing to determine whether he is currently dangerous because the results of such a hearing would have no bearing on whether he is subject to the disability imposed by § 922(g)(1).' *Id.* at 35." (App'x A129).

Zherka timely appealed.

## STANDARD OF REVIEW

This Court "review[s] de novo the grant of a Rule 12(b)(6) motion to dismiss for failure to state a claim, accepting all factual allegations as true and drawing all reasonable inferences in favor of the plaintiff." *Sierra Club v. Con-Strux, LLC*, 911 F.3d 85, 88 (2d Cir. 2018) (citation omitted). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

## SUMMARY OF ARGUMENT

Here, the District Court erred in granting the A.G.'s motion to dismiss. Zherka raised enough facts to state claims to relief that are plausible on their face. At the very least, the Complaint contains factual allegations well beyond the minimal threshold of raising "a right to relief above the speculative level on the assumption that all of the complaint's allegations are true. (See, *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007)). (App'x A5-15).

As set forth below, Section 922(g) as applied to Zherka, a non-violent released felon, combined with the denial of due process under Section 925(c), creates a credible and sustainable cause of action. Nothing more was required to be shown at the pleading stage of the proceedings. The Complaint alleged both plausible and more-than-speculative claims for relief based on violation of Zherka's Second

Amendment rights as-applied to the facts of his non-violent felony conviction. (App'x A5-15).

First, the Order and Judgment should be vacated and the case remanded for further consideration because the District Court relied on the now-rejected two-step analysis for determining whether a statute violates an individual's Second Amendment rights. *Bruen*, at 2127. Instead of means-end scrutiny, *Bruen* imposes a burden on the government to justify the law/regulation by showing it is "consistent with this Nation's historical tradition of firearm regulation." This cannot be done on appeal because there is no record to that effect as the case was dismissed at the pleading stage of the proceedings. In addition, other federal courts' rejection of constitutional challenges to Section 922(g)(1) arising from *Bruen* are not binding on this Court and are nonetheless distinguishable from the case at bar because (1) they involved facial challenges only; or (2) the facts are clearly distinguishable from the case at bar; or (3) they did not analyze whether there is a difference between violent and non-violent felons.

Second, the District Court erred in relying on cases from other Circuits with no precedential authority to support its holding that the application of Section 922(g)(1) to individuals convicted of non-violent financial felonies, like Zherka, does not impinge upon conduct protected by the Second Amendment. The District Court relied heavily on the D.C. Circuit's decision in *Medina v. Whitaker* 913 F.3d

152, 155 (D.C. Cir. 2019). Notably, in *Medina*, at 154, the D.C. Circuit acknowledged the divide amongst the Circuit Courts, including that the Seventh and Eighth Circuits leave open the possibility of a successful felon as-applied challenge, even though they have yet to uphold one. The First Circuit also has not completely foreclosed the possibility of an as-applied challenge. See, *United States v. Torres-Rosario*, 658 F.3d 110, 113 (1st Cir. 2011). Further, in *Schrader v. Holder*, 704 F.3d 980, 991 (D.C. Cir. 2013), which was discussed at length in *Medina*, supra, the D.C. Circuit seemingly invited future as-applied challenges from individuals like Schrader but it did not conclusively resolve the question.

Third, the District Court erred in determining that Zherka's inability to receive a hearing under Section 925(c) does not constitute a procedural due process violation, and that Zherka's due process claim is foreclosed by the Supreme Court's decision in *Connecticut Department of Public Safety v. Doe*, 538 U.S. 1 (2003). *Doe* is not analogous to the case at bar. In *Doe*, the alleged injury to the plaintiffs was to their reputation. Here, Zherka has a constitutionally protected liberty interest in, *inter alia*, his Second Amendment right to bear arms. Notwithstanding the divide amongst Circuit Courts, as set forth in the preceding paragraph and below, which leave open the possibility of a successful as applied challenge to Section 922(g)(1), Zherka's inability to seek relief under Section 925(c), including the application, investigation, review process, and a hearing, violates his Fifth Amendment due process rights.

Accordingly, the District Court Order and Judgment were in error and should be vacated and the case remanded for further consideration.

## ARGUMENT

## SECOND AMENDMENT

The District Court erroneously held that the application of Section 922(g)(1) to individuals convicted of non-violent financial felonies, like Zherka, does not impinge upon conduct protected by the Second Amendment.

**1. THE ORDER AND JUDGMENT SHOULD BE VACATED AND THE CASE REMANDED FOR FURTHER CONSIDERATION IN LIGHT OF THE SUPREME COURT DECISION IN *BRUEN***

The District Court, referring to the two-step inquiry to adjudicate whether a statute violates an individual's Second Amendment rights following *Heller* and *McDonald*, held that Zherka's claim fails at step one of the analysis and that it did not need to reach step two. (App'x A127). It is respectfully submitted that the District Court's holding was erroneous, especially in light of *Bruen*, which rejected the two-step inquiry.

The Supreme Court in *Bruen* determined, in pertinent part, "Despite the popularity of this two-step approach, it is one step too many. Step one of the predominant framework is broadly consistent with *Heller*, which demands a test rooted in the Second Amendment's text, as informed by history. But *Heller* and *McDonald* do not support applying means-end scrutiny in the Second Amendment

context. Instead, the government must affirmatively prove that its firearms regulation is part of the historical tradition that delimits the outer bounds of the right to keep and bear arms." *Bruen, at* 2127. Since the two-step inquiry has now been rejected by the Supreme Court in *Bruen*, it is respectfully requested that the application of the two-step inquiry by the District Court was in error and, for that reason alone, the Order and Judgment appealed from should be vacated and the case remanded for further consideration.[3]

When an intervening Supreme Court case undermines a district court's reasoning/holding or overrules the standard it applied, appellate courts routinely vacate and remand for the district court to consider the claims under the standards in the first instance.[4] In *Taveras v. New York City, New York*, 2022 WL 2678719 (2d

---

[3] See, *United States v. Minter*, 2022 WL 10662252, at *3 (M.D. Pa. Oct. 18, 2022) "In *Bruen*, the Court rejected the " 'two-step' framework for analyzing Second Amendment challenges that combines history with means-end scrutiny" that had been applied by the lower courts after *Heller* and *McDonald*, holding that the second-step – application of a "means-end" analysis – "is one step too many." *Bruen*, 142 S.Ct. at 2126-2127." See also, *United States v. Perez-Garcia*, 2022 WL 4351967, at *3 (S.D. Cal. Sept. 18, 2022) "In *Bruen*, the Supreme Court confirmed its holding in District of Columbia v. Heller, 554 U.S. 570, 128 S.Ct. 2783, 171 L.Ed.2d 637 (2008) that the Second Amendment protects "an individual right to keep and bear arms for self-defense." *Bruen*, 142 S. Ct. at 2125. The *Bruen* court rejected, however, the two-step test that many courts of appeal adopted following Heller. *Id.* at 2126, 128 S.Ct. 2783. The second step of that test involved applying scrutiny to the regulation, weighing the government interest against the burden on the constitutional right. *Id.* The *Bruen* court held that step two of the tests adopted by the courts of appeal was 'one step too many.' *Id.*"

[4] See, for example, *Saferstein v. Lawyers' Fund for Client Prot.*, 142 F. App'x 494 (2d Cir. 2005) "Fundamental change effected in *Rooker-Feldman* doctrine by Supreme Court's intervening decision in *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.* warranted remand to permit district court to consider, in the first instance, whether doctrine applied to support its sua sponte dismissal for lack of jurisdiction of § 1983 action in which claimant alleged violations of his due process rights in connection with denial by state-created fund of his claim seeking reimbursement of

Cir. July 12, 2022) this Court vacated the judgment of the district court and

remanded for further proceedings in light of *Bruen*, holding:

> After this appeal was briefed and argued, however, the
> Supreme Court clarified the scope of the Second
> Amendment and how Second Amendment claims are to be
> evaluated. *See N.Y. State Rifle & Pistol Ass'n v. Bruen*, No.
> 20-843, slip op. (U.S. June 23, 2022). In so doing, the
> Supreme Court expressly rejected the two-part test that
> this Circuit – and many others – had been applying to
> Second Amendment claims. *See id.*, slip op. at 8. Instead,
> the Supreme Court held that "[w]hen the Second
> Amendment's plain text covers an individual's conduct, the
> Constitution presumptively protects that conduct. The
> government must then justify its regulation by
> demonstrating that it is consistent with the Nation's
> historical tradition of firearm regulation." *Id.*, slip op. at
> 15. Because neither the district court nor the parties' briefs
> anticipated and addressed this new legal standard, it is
> appropriate for us to vacate the district court's judgment
> and remand the case for the district court to reconsider
> Taveras's claim, applying in the first instance the standard
> articulated by the Supreme Court in *Bruen. See, e.g.*,
> Remand Order, *Trump v. Deutsche Bank AG*, No. 19-1540
> (2d Cir. Dec. 14, 2020), ECF No. 283 (remanding,
> following an intervening change in law, for the district
> court to apply the new legal standard in the first instance).

*Taveras,* at 1. Further, in *Sibley v. Watches,* 2022 WL 2824268, at *1 (2d Cir. July

20, 2022) this Court remanded the case to the District Court to consider in the first

instance the impact, if any, of *Bruen* on Sibley's claims, which concern a different

---

$325,000 settlement allegedly misappropriated by his attorney. U.S.C.A. Const.Amend. 14; 42
U.S.C.A. § 1983."

provision imposing a "good moral character" requirement on applications for both carry and at-home licenses. N.Y. Penal Law § 400.00(1)(b).

Other Circuits have similarly vacated and remanded in light of *Bruen*. See, *Duncan v. Bonta*, 49 F.4th 1228, 1231 (9th Cir. 2022) "The judgment in this case is vacated […], and this case is remanded to the district court for further proceedings consistent with *New York State Rifle & Pistol Ass'n, Inc. v. Bruen*, 597 U.S. ——, 142 S. Ct. 2111, 213 L.Ed.2d 387 (2022)."; *Jones v. Bonta*, 47 F.4th 1124, 1125 (9th Cir. 2022) "Appellee's petition for panel rehearing is **GRANTED**. The panel's opinion is **VACATED**, the district court's order denying the plaintiffs' motion for a preliminary injunction is **VACATED**, and this case is **REMANDED** to the district court for further proceedings consistent with the United States Supreme Court's decision in *New York State Rifle & Pistol Association, Inc. v. Bruen*, 597 U.S. ——, 142 S.Ct. 2111, 213 L.Ed.2d 387 (2022)."; *Martinez v. Villanueva*, No. 20-56233, 2022 WL 2452308, at *1 (9th Cir. July 6, 2022) "Appellee's unopposed motion to remand the case to the district court (ECF No. 44) is granted. The panel's original memorandum disposition and the district court's judgment are vacated, and this case is remanded to the district court for further proceedings consistent with the United States Supreme Court's decision in *New York State Rifle & Pistol Ass'n, Inc. v. Bruen*, 597 U.S. —— (2022)."; *Oakland Tactical Supply, LLC v. Howell Twp., Michigan*, 2022 WL 3137711, at *1 (6th Cir. Aug. 5, 2022) "We VACATE and

13

REMAND to allow the district court to consider the plausibility of Oakland Tactical's Second Amendment claim in light of the Supreme Court's recent decision in *New York State Rifle & Pistol Ass'n, Inc. v. Bruen*, 142 S. Ct. 2111 (2022)."

Since *Bruen* rejected the two-step inquiry, but did not expressly address the issue of felon disarmament, the Order and Judgment should be vacated and the case remanded for further consideration to determine what impact *Bruen* has on this case. Instead of means-end scrutiny, *Bruen* imposes a burden on the government to justify the law/regulation by showing it is "consistent with this Nation's historical tradition of firearm regulation." This cannot be done on appeal because there is no record to that effect.

It is also respectfully submitted that other federal courts' rejection of constitutional challenges to Section 922(g)(1) arising from the Supreme Court's decision in *Bruen* are not binding on this Court and are nonetheless distinguishable from the case at bar because (1) they involved facial challenges only; or (2) the facts are clearly distinguishable from the case at bar, or (3) they did not analyze whether there is a difference between violent and non-violent felons.

In *United States v. Ingram*, 2022 WL 3691350, at *1 (D.S.C. Aug. 25, 2022) and *United States v. Cockerham*, 2022 WL 4229314, at *1 (S.D. Miss. Sept. 13, 2022) the respective defendants made facial challenges to Section 922(g)(1) only.

The facts in *United States v. Jackson*, 2022 WL 4226229, at \*3 (D. Minn. Sept. 13, 2022) are clearly distinguishable from this case. In *Jackson*, the court determined that the defendant failed to demonstrate that he is no more dangerous than a typical law-abiding citizen and that his prior eleven felony convictions—as well as his behavior in custody and during supervised release—warrant a restriction on his Second Amendment right.

In *United States v. Hill*, 2022 WL 4361917, at \*3 (S.D. Cal. Sept. 20, 2022) the court denied the defendant's motion to dismiss the indictment under the Second Amendment finding that *Bruen* did not "'effectively overrule' *Vongx*ay and this Court is bound b*y Vongx*ay and its progeny." Importantly, however, the court also analyzed an expansive reading of the second amendment and the dangerousness of the defendant including the defendant's violent crimes of false imprisonment and robbery and a drug offense, stating:

> And even the expansive view of the Second Amendment espoused by Defendant's cited authorities approves of laws disarming felons who have committed *violent* felonies. In his brief, Defendant includes sixteen citations to the dissent written by then-Judge Barrett in *Kanter v. Barr*, 919 F.3d 437 (7th Cir. 2019). That dissent begins: "History is consistent with common sense: it demonstrates that legislatures have the power to prohibit dangerous people from possessing guns. But that power extends only to people who are *dangerous*." *Id.* at 451 (Barrett, J., dissenting). Then-Judge Barrett stated that "founding-era legislatures categorically disarmed groups whom they judged to be a threat to the public safety," *id.* at 458, and approved of precedent permitting laws banning firearms

15

from those who have committed violent crimes or drug offenses. *Id.* at 466. Among Defendant's prior felony convictions are the violent crimes of false imprisonment and robbery and a drug offense. Accordingly, even under an expansive reading of the Second Amendment, the felon-in-possession law would nonetheless be constitutional as applied to Defendant given his prior felony convictions.

It is respectfully submitted that the court's expansive reading of the second amendment leaves open the question of whether Section 922(g)(1) is unconstitutional as applied to non-violent felons, like Zherka. Zherka should have the opportunity to litigate this issue.

In *United States v. Coombes*, 2022 WL 4367056, at *10 (N.D. Okla. Sept. 21, 2022), the defendant argued, in sum and substance, that Section 922(g)(1) was unconstitutional as applied to him because they can only be constitutional as applied to those with violent felony convictions and that his prior convictions, second-degree burglary and grand larceny, were non-violent. *Id.* Burglary, however, is a violent crime. The court considered whether applying Section 922(g)(1) to a person convicted of second- degree burglary and grand larceny, both of a house, is consistent with the Second Amendment's historical understanding. *Id.* The court held, "Because Mr. Coombes has been convicted of burglary, which was considered a violent crime, assuming that § 922(g)(1) is constitutionally limited to violent crimes, the statute is not unconstitutional as applied to Mr. Coombes." *Id.* at 11. Notably, the court did not consider whether applying Section 922(g)(1) to a person

convicted of a non-violent financial felony, like Zherka, was consistent with the Second Amendment's historical understanding.

In, *United States v. Collette*, 2022 WL 4476790, at *8 (W.D. Tex. Sept. 25, 2022) the Court, in Footnote 75 stated, "The Court does not analyze whether there is a difference between violent and non-violent felons. Section 922(g)(1) says '*a crime* punishable by imprisonment for a term exceeding one year,' and the Court will not read two competing definitions of 'a crime' into the statute. **Even so, the Court believes there is still much left unknown post-*Bruen*.**" (Emphasis added). In *United States v. Charles*, 2022 WL 4913900, at *11 (W.D. Tex. Oct. 3, 2022) the Court, in Footnote 98, repeated this language.

In *United States v. Price*, 2022 WL 6968457, at *2 (S.D.W. Va. Oct. 12, 2022) the defendant, relying on the Supreme Court's holding in *Bruen*, argued that Sections 922(g)(1) and 922(k) are facially unconstitutional. The court did not state that the defendant argued that Section 922(g)(1) was unconstitutional as applied to him.

In *United States v. Gonzalez*, 2022 WL 4376074, at *2 (7th Cir. Sept. 22, 2022), the court wrote,

> Counsel first considers challenging the constitutionality of § 922(g)(1) as applied to Gonzalez and concludes that the argument would be frivolous. **Since the brief was filed, however, the Supreme Court interpreted the Second Amendment in *New York State Rifle & Pistol Association, Inc. v. Bruen*, 142 S. Ct. 2111 (2022). There, the Court held that, when assessing the constitutionality of a firearms regulation, the question**

**is only whether the restriction is consistent with "the historical tradition that delimits the outer bounds of the right to keep and bear arms."** *Id.* **at 2127. We have acknowledged previously that the historical evidence is mixed about barring** *all* **felons from possessing guns.** *See, e.g., Kanter v. Barr***, 919 F.3d 437, 445–47 (7th Cir. 2019),** *abrogated on other grounds by N.Y. State Rifle***, 142 S. Ct. 2111;** *see also United States v. Skoien***, 614 F.3d 638, 650 (7th Cir. 2010) (Sykes, J., dissenting).** But whether a government can forbid *violent* felons from possessing a firearm has not been meaningfully questioned by courts to date. *See, e.g., Kanter*, 919 F.3d at 451 (Barrett, J., dissenting). Moreover, the Justices have declined to question laws requiring background checks or barring felons from possessing firearms. *See N.Y. State Rifle*, 142 S. Ct. at 2138 n.8; *id.* at 2162 (Kavanaugh, J., concurring); *District of Columbia v. Heller*, 554 U.S. 570, 626 (2008). Gonzalez's offense—attempted murder—was violent, and we are aware of no authority supporting an argument that someone in his position historically had the right to possess a gun. Thus, it would be frivolous to argue that § 922(g)(1) is unconstitutional as applied to him.

(Emphasis added). Importantly, the constitutionality of Section 922(g)(1) as applied to someone who committed a non-violent felony, like Zherka, was not determined.

Based upon the foregoing, it is respectfully submitted that other federal courts' rejection of constitutional challenges to Section 922(g)(1) arising from the Supreme Court's decision in *Bruen* are not binding on this Court and are nonetheless distinguishable from the case at bar.

Accordingly, the Order and Judgment should be vacated and this case remanded for further consideration in light of *Bruen*.

**2. THE DISTRICT COURT ERRED IN RELYING ON CASES FROM OTHER CIRCUITS WITH NO PRECEDENTIAL AUTHORITY TO SUPPORT ITS HOLDING THAT THE APPLICATION OF SECTION 922(g)(1) TO INDIVIDUALS CONVICTED OF NON-VIOLENT FINANCIAL FELONIES, LIKE ZHERKA, DOES NOT IMPINGE UPON CONDUCT PROTECTED BY THE SECOND AMENDMENT**

Zherka is not aware of this Court directly addressing whether Section 922(g)(1) burdens conduct protected by the Second Amendment as applied to non-violent financial felons, like Zherka. The District Court similarly stated this was apparently a matter of first impression in this Circuit. (App'x A124). The District Court relied heavily on cases from other Circuits with no precedential authority to support its holding that the application of Section 922(g)(1) to individuals convicted of non-violent financial felonies, like Zherka, does not impinge upon conduct protected by the Second Amendment.

In *United States v. Jackson*, 2022 WL 4226229, at \*2 (D. Minn. Sept. 13, 2022), the Minnesota District Court stated,

> "The Fourth, Fifth, Ninth, Tenth, and Eleventh Circuits 'have held that section 922(g)(1) is constitutional as applied to all felons.' *Medina*, 279 F. Supp. 3d at 287 (citing cases). The Third, Seventh, and D.C. Circuits have allowed as-applied challenges but never granted one by a felon. *Id.* And the First Circuit has expressed skepticism about an as-applied challenge. *Id.*"

There was no reference to the Second Circuit on this issue in *Jackson*.

The District Court here relied heavily on the D.C. Circuit's decision in *Medina*, supra. Notably, in *Medina*, at 154, the D.C. Circuit stated,

> As-applied challenges have fared only marginally better, and no circuit has held the law unconstitutional as applied to a convicted felon. The Ninth Circuit takes the view that "felons are categorically different from the individuals who have a fundamental right to bear arms." *Vongxay*, 594 F.3d at 1115. Four other circuits have, in a similar vein, also rejected as-applied challenges by convicted felons. *See Hamilton v. Pallozzi*, 848 F.3d 614, 626–27 (4th Cir. 2017), *cert. denied*, —— U.S. ——, 138 S.Ct. 500, 199 L.Ed.2d 384 (2017); *United States v. Rozier*, 598 F.3d 768, 770–71 (11th Cir. 2010); *United States v. Scroggins*, 599 F.3d 433, 451 (5th Cir. 2010); *In re United States*, 578 F.3d 1195, 1200 (10th Cir. 2009). The Seventh and Eighth Circuits, while leaving open the possibility of a successful felon as-applied challenge, have yet to uphold one. *See United States v. Woolsey*, 759 F.3d 905, 909 (8th Cir. 2014); *United States v. Williams*, 616 F.3d 685, 693–94 (7th Cir. 2010).

Accordingly, notwithstanding the holding in *Medina*, it cannot be disputed that there is a divide amongst the Circuit Courts on the permissibility of challenges to whether Section 922(g)(1) burdens conduct protected by the Second Amendment, especially as applied to non-violent felons.

The Seventh and Eighth Circuits have allowed as-applied challenges in theory, though neither has ever granted one by a felon. In *United States v. Williams*, 616 F.3d 685, 693 (7th Cir. 2010), the Seventh Circuit stated, "And although we recognize that § 922(g)(1) may be subject to an overbreadth challenge at some point because of its disqualification of all felons, including those who are non-violent, that

is not the case for Williams." Williams was convicted of felony robbery, which involved beating a victim so badly that he needed sixty-five (65) stitches, and the court specifically stated that "Williams, as a violent felon, is not the ideal candidate to challenge the constitutionality of 922(g)(1)" leaving open the possibility of such challenge by a non-violent felon like Zherka. *Williams*, at 693.

As set forth in Zherka's underlying opposition papers, in *Hatfield v. Sessions*, 322 F.Supp.3d 885 (S.D. Ill. 2018), the district court granted summary judgment to a plaintiff's as-applied challenge to Section 922(g)(1). Hatfield was convicted twenty-eight (28) years earlier for lying on forms submitted with an unemployment claim. The court held that non-violent felons like Hatfield should not be "categorically unprotected by the Second Amendment." *Id*. at 890. In light of its subsequent decision in *Kanter v. Barr*, 919 F.3d 437 (7th Cir. 2019), the Seventh Circuit eventually reversed the district court's decision in *Hatfield* on the basis that crimes involving fraud automatically put the individual outside the "sort of law-abiding, responsible citizen to whom *Heller* referred." *Hatfield v. Barr*, 925 F.3d 950, 951 (7th Cir. 2019). At the same time, however, the Seventh Circuit strongly implied that had Hatfield entered studies into evidence that showed non-violent felons were not more likely than the average citizen to commit a subsequent violent crime, the Court's decision might well have been different:

> Hatfield's brief in this court is data-free. When asked at
> oral argument whether he knew of any study showing that

21

> it is possible to predict future dangerousness, Hatfield's lawyer said that he did not—and added that he had not looked for one. He insisted that the Attorney General bears the burden of proving that it is not possible to predict felons' future dangerousness…. Hatfield's effort to avoid the subject is unavailing. He is the plaintiff, and plaintiffs bear the burden of production and the risk of non-persuasion.
>
> > \*     \*     \*
>
> But § 922(g)(1) deals with felonies, and someone who wants us to carve out particular felonies (or felons) from a category that the Supreme Court has said is presumptively valid must supply an adequate basis for that distinction. Hatfield, who has not tried to show that it is possible to say whether he, and others like him, are to a constitutionally dispositive degree less dangerous than other felons, must accept that the Supreme Court's norm applies to him. He is not entitled to possess firearms.

*Hatfield* at 9535; *accord Kanter v. Barr*, 919 F.3d 437, 449 (7th Cir. 2019). Cases like *Hatfield* demonstrate that courts are willing to interpret *Heller* to permit as-applied challenges to Section 922(g). It also raises the question as to whether the District Court erroneously and prematurely dismissed Zherka's underlying action at the pleading stage without any discovery or opportunity distinguish the application of Section 922(g)(1) to him, a person convicted of a non-violent financial felony, compared to those convicted of violent felonies.

Further, in *United States v. Woolsey*, 759 F.3d 905, 909 (8th Cir. 2014), "the Eighth Circuit has left open the possibility that a person could bring a successful as-applied challenge to § 922(g)(1)". Importantly, in *Woolsey*, the Eighth Circuit cited

*United States v. Brown*, 436 Fed.Appx. 725, 726 (8th Cir.2011) which distinguished

violent and non-violent felonies:

> To the extent the Eighth Circuit has left open the possibility that a person could bring a successful as-applied challenge to § 922(g)(1), the Eighth Circuit has denied similar claims from defendants with criminal histories similar to Woolsey. For example, in *United States v. Brown,* 436 Fed.Appx. 725, 726 (8th Cir.2011) (per curiam) (unpublished), this court stated the following:

>> [The defendant] has not presented "facts about himself and his background that distinguish his circumstances from those of persons historically barred from Second Amendment protections." *United States v. Barton,* 633 F.3d 168, 174 (3d Cir.2011). **He does not allege, for example, that his stipulated prior felony conviction was for a non violent offense** or that he is "no more dangerous than a typical law-abiding citizen." *Id.* [The defendant's] assertion that he possessed the gun for self defense is insufficient to successfully challenge his conviction under the felon in possession statute.

> Prior to trial, Woolsey stipulated that he had three prior felony convictions, which included two convictions for resisting arrest and one for aggravated assault. These are not non-violent crimes. Woolsey has not shown that he is "no more dangerous than a typical law-abiding citizen." *Brown,* 436 Fed.Appx. at 726. We reject Woolsey's as-applied challenge to the constitutionality of § 922(g)(1).

(Emphasis added). *Woolsey*, 759 F.3d 905, 909 (8th Cir. 2014). Here, as stated, Zherka was convicted of a non-violent financial felony thereby distinguishing his circumstances from the defendants in *Woolsey* and *Brown*.

The First Circuit also has not completely foreclosed the possibility of an as-applied challenge. See, *United States v. Torres-Rosario*, 658 F.3d 110, 113 (1st Cir. 2011),

> Torres–Rosario does make what he describes as an as-applied challenge, saying that he has no prior convictions for any violent felony. "It is well-established that felons are more likely to commit violent crimes than are other law-abiding citizens." Barton, 633 F.3d at 175. **But— given the "presumptively lawful" reference in Heller— the Supreme Court may be open to claims that some felonies do not indicate potential violence and cannot be the basis for applying a categorical ban**.

> Possibly it might even be open to highly fact-specific objections. In Britt v. State, 363 N.C. 546, 681 S.E.2d 320 (2009), the North Carolina Supreme Court held that Britt's conviction 30 years earlier, on a guilty plea to one count of possession of drugs with intent to distribute, was insufficient to deprive him of his right to keep and bear arms under the state constitution. But such an approach, applied to countless variations in individual circumstances, would obviously present serious problems of administration, consistency and fair warning.

> In all events, two of Torres–Rosario's prior convictions were for serious drug offenses—distribution and possession with intent to distribute Class A controlled substances—and drug dealing is notoriously linked to violence. United States v. Luciano, 329 F.3d 1, 6 (1st Cir.2003); United States v. Green, 887 F.2d 25, 27 (1st Cir.1989). Assuming arguendo that the Supreme Court

> might find some felonies so tame and technical as to be
> insufficient to justify the ban, drug dealing is not likely to
> be among them.

Torres-Rosario was convicted of serious drug offenses "notoriously linked to violence", clearly distinguishable from the facts herein.

In *Schrader v. Holder*, 704 F.3d 980, 991 (D.C. Cir. 2013), which was discussed at length in *Medina*, supra, the D.C. Circuit decided a claim that Section 922(g)(1) was unconstitutional as applied to a particular class of offenders—common-law misdemeanants convicted of offenses that carried no upper limits on the permissible term of imprisonment and thus qualified for the federal felon in possession ban—and upheld the district court's Rule 12(b)(6) dismissal, thereby affirming prohibitions on firearm possession by convicted offenders. *Id.* at 988. However, responding to the argument "that the statute is invalid as applied to Schrader" himself, the court noted that

> Were this argument properly before us, *Heller* might well
> dictate a different outcome. According to the complaint's
> allegations, Schrader's offense occurred over forty years
> ago and involved only a fistfight. Second Am. Compl. ¶
> 10. Schrader received no jail time, served honorably in
> Vietnam, and, except for a single traffic violation, has had
> no encounter with the law since then. *Id.* ¶¶ 11–12. To the
> extent that these allegations are true, we would hesitate to
> find Schrader outside the class of "law-abiding,
> responsible citizens" whose possession of firearms is,
> under *Heller*, protected by the Second Amendment.
> *Heller*, 554 U.S. at 635, 128 S.Ct. 2783.

25

*Schrader* at 991. Accordingly, the language in *Schrader* seemingly invited future as-applied challenges but it did not conclusively resolve the question.

*Medina*, supra, challenged the application of Section 922(g)(1) to himself individually and while the District Court here relied heavily upon *Medina*, it is respectfully submitted that *Medina* is distinguishable from the case at bar since following Medina's 1990 felony, he also pled guilty to three misdemeanor counts in 1996. *Id*. Here, there is nothing in the Appendix demonstrating that Zherka had any convictions other than the non-violent felony at issue. In addition, the D.C. Circuit in *Medina* is not controlling.

The District Court's reliance upon *Folajtar v. Att'y Gen. of the U.S.*, 980 F.3d 897, 904, 906 (3d Cir. 2020) and *United States v. Yancey*, 621 F.3d 681, 684-85 (7th Cir. 2010) (per curiam) was also misplaced. *Folajtar* and *Yancey* both discussed that the rights in the Second Amendment are accessible only to "virtuous citizens". Zherka is unaware of any cases in the Second Circuit that adopt the "virtue theory".

The dissent, in *Folajtar*, however, demolished the "virtuous citizen" argument advanced by the majority. The dissent found that "[t]he right historical test is not virtue, but dangerousness." *Folajtar*, at 913. The dissent also stated:

> In short, all these articles and cases show that the virtue theory is flimsy. Most of the evidence dovetails with dangerousness. The focus on virtue rests on strained readings of colonial laws and ratifying conventions perpetuated by scholars and courts citing one another's faulty analyses. The only piece of historical evidence that

> comes close to endorsing a ban of all former felons is a
> Pennsylvania minority proposal that was rejected. None of
> this proves that the Founders limited the Second
> Amendment right to virtuous citizens and excluded all
> felons.

*Folajtar*, at 919-20 (Bibas, J., dissenting).

Further, as set forth in Zherka's underlying opposition papers, the fallacy of the "virtuous citizen" argument is subsequently deconstructed and completely dismantled in then-Circuit Court Judge Barrett's comprehensive dissent in *Kanter*, supra. First, she puts to rest the notion that a total deprivation of gun rights was the historical norm in connection with (what we now call) "felonies." *Id.* at 463 (Barrett, J., dissenting). Next, she shows that the notion of the "virtuous citizenry" only applied to civic, communal rights such as voting and not the individual liberty promised by the Second Amendment and confirmed by the Supreme Court in *Heller:*

> *Heller*, however, expressly rejects the argument that the
> Second Amendment protects a purely civic right. *Moore
> v. Madigan*, 702 F.3d 933, 935 (7th Cir. 2012). It squarely
> holds that "the Second Amendment confer[s] an individual
> right to keep and bear arms," *Heller*, 554 U.S. at 595
> (emphasis added), and it emphasizes that the Second
> Amendment is rooted in the individual's right to defend
> himself—not in his right to serve in a well-regulated
> militia, *id.* at 582-86. The "civic rights" approach runs
> headlong into both propositions. *See Binderup*, 836 F.3d
> at 371 (Hardiman, J., concurring in part and concurring in
> the judgments) ("[T]his virtuous-citizens-only conception
> of the right to keep and bear arms is closely associated
> with pre-*Heller* interpretations of the Second Amendment
> by proponents of the 'sophisticated collective rights model'
> who rejected the view that the Amendment confers an

> individual right and instead characterized the right as a 'civic right....'" (citation omitted)). The parties have introduced no evidence that virtue exclusions ever applied to individual, as opposed to civic, rights. And if virtue exclusions don't apply to individual rights, they don't apply to the Second Amendment.

*Kanter, supra*, at 463 (Barrett, J., dissenting).

Further, as set forth in Zherka's underlying opposition papers, it is respectfully submitted that this Court's decision in *United States v. Jiminez*, 895 F.3d 228 (2d Cir. 2018) leaves an "as applied" – as distinct from a facial – challenge open for review. In *Jiminez*, the Court held that a dishonorably discharged U.S. Marine subsequently violated Section 922(g)(6) by possessing ammunition. This Court held:

> [W]e have never determined which particular conduct or characteristics can disqualify some individuals from the right that *Heller* recognized. Beginning to elaborate a test for who qualifies for the Second Amendment's protections risks introducing difficult questions into our jurisprudence, including questions that have divided other courts. *See, e.g., Binderup [v. Attorney General,* 826 F.3d 336 (3rd Cir. 2016)]; *Tyler v. Hillsdale County Sheriff's Department*, 837 F.3d 678 (6th Cir. 2016). Given the "vast *terra incognita*" that *Heller* left in its wake, *Kachalsky [v. County of Westchester*, 701 F.3d 81, 89 (2d Cir. 2012)] (internal quotation marks omitted), we have routinely assumed that the Second Amendment applies to a given application of a firearms (or ammunition) regulation in order to determine whether the law being challenged would withstand the requisite level of scrutiny. If it would, we need not grapple with whether the law actually implicates the Second Amendment, since it would comport with that Amendment's dictates in any case.

*Id.* at 233-34.

This Court declined to "elaborate a test for who qualified for the Second Amendment's protection" because the nature of defendant's crimes (drug trafficking, etc.) were serious enough to defeat any as-applied challenge. That means the door is left wide-open for a particularized as-applied challenge to Section 922. Accordingly, Zherka's challenge to Section 922(g)(1), at the very least, contains factual allegations well beyond the minimal threshold of raising "a right to relief above the speculative level on the assumption that all of the complaint's allegations are true." (See, *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007)).

The District Court also erred in relying upon this Court's decision in *Libertarian Party of Erie County v. Cuomo*, 970 F.3d 106 (2d Cir. 2020). *Libertarian* has received negative treatment and was abrogated by *Bruen*, which held that means-end scrutiny, such as strict or intermediate scrutiny, does not apply in the Second Amendment context, and instead, the government must affirmatively prove that its firearms regulation is part of the historical traditional that delimits the outer bounds of the right to keep and bear arms. Reliance upon the Second Amendment analysis in *Libertarian* is now in error in light of *Bruen*.

Based upon the foregoing, the Order and Judgment should be vacated and the case remanded for further consideration in light of *Bruen*. Other federal courts' rejection of constitutional challenges to Section 922(g)(1) arising from *Bruen* are not binding on this Court and are nonetheless distinguishable from the case at bar

because (1) they involved facial challenges only; or (2) the facts are clearly distinguishable from the case at bar; or (3) they did not analyze whether there is a difference between violent and non-violent felons. In addition, this Court has not ruled on whether Section 922(g) is constitutional as applied to a non-violent released felon like Zherka. The Complaint alleges both plausible and more-than-speculative claims for relief based on violation of Zherka's Second Amendment rights as-applied to the facts of his non-violent felony conviction. (App'x A5-15). Nothing more was required to be shown at the pleading stage of the proceedings. Accordingly, the District Court Order and Judgment were in error and should be vacated and the case remanded for further consideration.

## FIFTH AMENDMENT

**3.  THE DISTRICT COURT ERRED IN DISMISSING ZHERKA'S FIFTH AMENDMENT DUE PROCESS CLAIM PREMISED ON HIS INABILITY TO SEEK RELIEF FROM SECTION 922(g)(1)'S FIREARM BAN THROUGH SECTION 925(C)**

It is respectfully submitted that the District Court also erred in dismissing Zherka's Fifth Amendment due process claim.

The Due Process Clause of the Fifth Amendment to the U.S. Constitution prohibits the federal government from depriving any person of "life, liberty, or property, without due process of law." Zherka has a constitutionally protected liberty interest in, *inter alia*, his Second Amendment right to bear arms. The absence of a

mechanism for relief from Section 922(g)(1), such as that provided by Section 925(c), violates the Due Process Clause.

Section 925(c) provides,

> A person who is prohibited from possessing, shipping, transporting, or receiving firearms or ammunition may make application to the Attorney General for relief from the disabilities imposed by Federal laws with respect to the acquisition, receipt, transfer, shipment, transportation, or possession of firearms, and the Attorney General may grant such relief **if it is established to his satisfaction that the circumstances regarding the disability, and the applicant's record and reputation, are such that the applicant will not be likely to act in a manner dangerous to public safety and that the granting of the relief would not be contrary to the public interest**. Any person whose application for relief from disabilities is denied by the Attorney General may file a petition with the United States district court for the district in which he resides for a judicial review of such denial. **The court may in its discretion admit additional evidence where failure to do so would result in a miscarriage of justice**. A licensed importer, licensed manufacturer, licensed dealer, or licensed collector conducting operations under this chapter, who makes application for relief from the disabilities incurred under this chapter, shall not be barred by such disability from further operations under his license pending final action on an application for relief filed pursuant to this section. Whenever the Attorney General grants relief to any person pursuant to this section he shall promptly publish in the Federal Register notice of such action, together with the reasons therefor.

(Emphasis added). Section 925(c).

However, as set forth above, beginning with the fiscal year 1992 budget, Congress has failed to fund the program administered by the ATF (as delegated by

the Attorney General), including the application, investigation and review process relative to individuals, thus any application Zherka otherwise could make to the Attorney General or his designee would be returned, not acted upon, and neither granted nor denied. (App'x A9). Absent an actual denial by the Attorney General or his designee of an otherwise properly presented application, any petition for review filed in the appropriate United States District Court would be dismissed for lack of statutory subject matter jurisdiction, pursuant to the Supreme Court decision in *Bean*, supra[5]. (App'x A9). Accordingly, Zherka has no remedy or recourse under § 925(c), and the pursuit of such a statutory claim would be futile. *Id.*

The District Court determined that Zherka's inability to receive a hearing under Section 925(c) does not constitute a procedural due process violation, and that Zherka's due process claim is foreclosed by the Supreme Court's decision in *Connecticut Department of Public Safety v. Doe*, 538 U.S. 1 (2003). In *Doe*, a purportedly non-dangerous sex offender, on behalf of himself and others similarly situated, brought a 1983 action, challenging provisions of Connecticut's sex offender

---

[5] In *Bean*, because of respondent's felony conviction, he was prohibited by 18 U.S.C. § 922(g)(1) from possessing, distributing, or receiving firearms or ammunition. Relying on § 925(c), he applied to the ATF for relief from his firearms disabilities. ATF returned the application unprocessed, explaining that its annual appropriations law forbade it from expending any funds to investigate or act upon such applications. Invoking § 925(c)'s judicial review provision, he filed suit, asking the District Court to conduct its own inquiry into his fitness to possess a gun and to issue a judicial order granting relief. The court granted the requested relief, and the Fifth Circuit affirmed. Certiorari was granted and the Supreme Court held that actual denial of relief from firearms disabilities was prerequisite to judicial review. *United States v. Bean*, 537 U.S. 71, 123 S. Ct. 584, 584, 154 L. Ed. 2d 483 (2002)

registry law, which required Department of Public Safety (DPS) to post sex offender

registry containing registrants' names, addresses, photographs, and descriptions on

an Internet Website and to make registry available to public, as, *inter alia*, violative

of Due Process Clause of the Fourteenth Amendment. The Supreme Court held that

"(1) even if public notification provisions of Connecticut's sex offender registration

law deprived sex offenders of liberty interest, Due Process Clause did not entitle

offenders to hearing to determine whether they were currently dangerous before their

inclusion in publicly disseminated sex offender registry, and (2) plaintiffs who assert

right to hearing under the Due Process Clause must show that facts they seek to

establish in that hearing are relevant under statutory scheme." *Doe*, 538 U.S. 1.

Based upon the holding in *Doe*, the District Court here held,

> *Doe*'s rationale "dooms any procedural challenge to § 922(g)(1)," as "[t]he plain language of that provision makes clear Congress's decision to bar all convicted felons (not merely those with violent tendencies or who otherwise present an ongoing danger to society) from possessing firearms." *Id.* (emphasis in original). Here, as with the sex offender registry law in *Doe*, Section 922(g)(1) "make[s] the deprivation turn solely on the fact of the prior conviction—not the significance of that conviction for future behavior." *Id.* at 34-35. It follows, then, that "due process does not entitle [P]laintiff to a hearing to determine whether he is currently dangerous because the results of such a hearing would have no bearing on whether he is subject to the disability imposed by § 922(g)(1)." *Id.* at 35.

(App'x A129).

33

It is respectfully submitted that the District Court's holding was erroneous. First, in the Complaint and the underlying motion to dismiss, Zherka did not argue that his due process rights were violated only because he was not entitled to a hearing. (App'x A5-15, A67-90). Zherka argued that there is not even a mechanism by which he can seek relief from Section 922(g)(1), such as that provided by Section 925(c), including the application, investigation, review process, and hearing. *Id.*

Further, *Doe* is not analogous to the case at bar because in *Doe* the alleged injury to the plaintiffs was to their reputation. "Mere injury to reputation, even if defamatory, does not constitute the deprivation of a liberty interest. *Paul v. Davis*, 424 U.S. 693, 96 S.Ct. 1155, 47 L.Ed.2d 405." *Doe*, at 1-2. Here, Zherka has a constitutionally protected liberty interest in, *inter alia*, his Second Amendment right to bear arms. The Court in *Doe* did state, "But even assuming, *arguendo,* that respondent has been deprived of a liberty interest, due process does not entitle him to a hearing to establish a fact—that he is not currently dangerous—that is not material under the statute. Cf., *e.g., Wisconsin v. Constantineau,* 400 U.S. 433, 91 S.Ct. 507, 27 L.Ed.2d 515." However, as stated above, Zherka is not aware of this Court directly addressing whether Section 922(g)(1) burdens conduct protected by the Second Amendment as applied to non-violent financial felons, like Zherka. Accordingly, it cannot be said what facts are or are not material under the statute.

Based upon the foregoing, it is respectfully submitted that the District Court also erred in dismissing Zherka's Fifth Amendment due process claim.

## **<u>CONCLUSION</u>**

For all of the reasons set forth above, it is respectfully submitted that the Order and Judgment should be vacated and the case remanded for further consideration, and for such other and further relief as this Court deems just and proper.

Dated:  Rye, New York
    November 9, 2022

        Yours, etc.

        /s/ Anthony G. Piscionere
By: _____
        Anthony G. Piscionere, Esq.
        PISCIONERE & NEMAROW, P.C.
        *Attorneys for Plaintiff-Appellant*
        363 Boston Post Road
        Rye, New York 10580
        (914) 835-6900
        Fax: (914) 835-6931
        Email: tony@pnesqs.net

## <u>CERTIFICATE OF COMPLIANCE WITH FRAP 32(A)</u>

1.     This brief complies with the type-volume limitation of Fed. R. App. P. 32(a)(7)(B) because this brief contains 8,874 words, excluding the parts of the brief exempted by Fed. R. App. P. 32(a)(7)(B)(iii).

2.     This brief complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type style requirements of Fed. R. App. P. 32(a)(6) because this brief has been prepared in a proportionally spaced typeface using Microsoft Word in Times New Roman, 14 point font.

Dated:      Rye, New York
            November 9, 2022

                              Respectfully submitted,

                              /s/ Anthony G. Piscionere
                    By:     _____
                              Anthony G. Piscionere, Esq.
                              PISCIONERE & NEMAROW, P.C.
                              *Attorneys for Plaintiff-Appellant*
                              363 Boston Post Road
                              Rye, New York 10580
                              (914) 835-6900
                              Fax: (914) 835-6931
                              Email: tony@pnesqs.net