# 22-1108-cv

IN THE

# United States Court of Appeals

FOR THE SECOND CIRCUIT

⟫ ⟪

SELIM ZHERKA, "SAM",

*Plaintiff-Appellant,*

*v.*

MERRICK B. GARLAND, ATTORNEY GENERAL OF THE
UNITED STATES, IN HIS OFFICIAL CAPACITY,

*Defendant-Appellee.*

_____

*On Appeal from the United States District Court
for the Southern District of New York*

## REPLY BRIEF FOR PLAINTIFF-APPELLANT

Anthony G. Piscionere
PISCIONERE & NEMAROW, P.C.
*Attorneys for Plaintiff-Appellant*
363 Boston Post Road
Rye, New York 10580
914-835-6900

# TABLE OF CONTENTS

**Page**

TABLE OF AUTHORITIES ..................................................................... ii

ARGUMENT ......................................................................................... 1

SECOND AMENDMENT

    1.   THE ORDER AND JUDGMENT SHOULD BE
           VACATED AND THE CASE REMANDED FOR
           FURTHER CONSIDERATION IN LIGHT OF THE
           SUPREME COURT DECISION IN *BRUEN* ....................................... 1

    2.   THE DISTRICT COURT ERRED IN RELYING
           ON CASES FROM OTHER CIRCUITS WITH NO
           PRECEDENTIAL AUTHORITY TO SUPPORT ITS
           HOLDING THAT THE APPLICATION OF SECTION
           922(g)(1) TO INDIVIDUALS CONVICTED OF
           NON-VIOLENT FINANCIAL FELONIES, LIKE
           ZHERKA, DOES NOT IMPINGE UPON CONDUCT
           PROTECTED BY THE SECOND AMENDMENT ........................... 7

FIFTH AMENDMENT

    3.   THE DISTRICT COURT ERRED IN DISMISSING
           ZHERKA'S FIFTH AMENDMENT DUE PROCESS
           CLAIM PREMISED ON HIS INABILITY TO SEEK
           RELIEF FROM SECTION 922(g)(1)'S FIREARM
           BAN THROUGH SECTION 925(C) .................................................. 14

CONCLUSION ..................................................................................... 16

CERTIFICATE OF COMPLIANCE WITH FRAP 32(A) ..................... 17

# TABLE OF AUTHORITIES

**Page(s)**

## Cases

*Britt v. State*,
    363 N.C. 546, 681 S.E.2d 320 (2009) ..............................................................11

*Connecticut Department of Public Safety v. Doe*,
    538 U.S. 1 (2003)..........................................................................................14, 15

*District of Columbia v. Heller*,
    554 U.S. 570 (2008)....................................................................................4, 9, 13

*Duncan v. Bonta*,
    49 F.4th 1228 (9th Cir. 2022) ........................................................................2

*Folajtar v. Att'y Gen. of the U.S.*,
    980 F.3d 897 (3d Cir. 2020) ...........................................................................13

*Hatfield v. Barr*,
    925 F.3d 950 (7th Cir. 2019) ..........................................................................9

*Hatfield v. Sessions*,
    322 F.Supp.3d 885 (S.D. Ill. 2018).............................................................8, 9

*Jones v. Bonta*,
    47 F.4th 1124 (9th Cir. 2022) ........................................................................2

*Kanter v. Barr*,
    919 F.3d 437 (7th Cir. 2019), *abrogated on other grounds*,
    142 S. Ct. 2111................................................................................*passim*

*Libertarian Party of Erie County v. Cuomo*,
    970 F.3d 106 (2d Cir. 2020) ...........................................................................13

*Martinez v. Villanueva*,
    No. 20-56233, 2022 WL 2452308 (9th Cir. July 6, 2022) ...................................2

*Medina v. Whitaker*,
    913 F. 3d 152 (D.C. Cir. 2019)..................................................................12, 13

*New York State Rifle & Pistol Ass'n, Inc. v. Bruen*,
142 S. Ct. 2111 (2022) ..................................................................................*passim*

*Oakland Tactical Supply, LLC v. Howell Twp., Michigan*,
2022 WL 3137711 (6th Cir. Aug. 5, 2022) .........................................................2

*Paul v. Davis*,
424 U.S. 693, 96 S.Ct. 1155, 47 L.Ed.2d 405 ...................................................15

*Range v. Attorney General United States*,
53 F. 4th 262 (3d Cir. 2022) ......................................................................*passim*

*Saferstein v. Lawyers' Fund for Client Prot.*,
142 F. App'x 494 (2d Cir. 2005)...........................................................................2

*Schrader v. Holder*,
704 F.3d 980 (D.C. Cir. 2013)......................................................................12, 13

*Sibley v. Watches*,
2022 WL 2824268 (2d Cir. July 20, 2022)...........................................................2

*Taveras v. New York City, New York*,
2022 WL 2678719 (2d Cir. July 12, 2022)...........................................................2

*United States v. Barton*,
633 F.3d 168 (3d Cir.2011) .........................................................................10, 11

*United States v. Brown*,
436 Fed.Appx. 725 (8th Cir.2011)................................................................10, 11

*United States v. Bullock*,
2022 WL 16649175 (S.D. Miss. Oct. 27, 2022).................................................6

*United States v. Charles*,
2022 WL 4913900 (W.D. Tex. Oct. 3, 2022)........................................................3

*United States v. Collette*,
2022 WL 4476790 (W.D. Tex. Sept. 25, 2022) ....................................................3

*United States v. Gonzalez*,
2022 WL 4376074 (7th Cir. Sept. 22, 2022) ....................................................3, 4

*United States v. Green*,
887 F.2d 25 (1st Cir.1989)...................................................................12

*United States v. Luciano*,
329 F.3d 1 (1st Cir.2003)...................................................................12

*United States v. Skoien*,
614 F.3d 638 (7th Cir. 2010) ...............................................................3

*United States v. Torres-Rosario*,
658 F.3d 110 (1st Cir. 2011)..............................................................11

*United States v. Williams*,
616 F.3d 685 (7th Cir. 2010) ...............................................................8

*United States v. Woolsey*,
759 F.3d 905 (8th Cir. 2014) .....................................................10, 11

*United States v. Yancey*,
621 F.3d 681 (7th Cir. 2010) .............................................................13

*Wisconsin v. Constantineau*,
400 U.S. 433, 91 S.Ct. 507, 27 L.Ed.2d 515 ...................................15

**Statutes**

18 U.S.C. § 922(g) ...............................................................................9

18 U.S.C. § 922(g)(1)......................................................................*passim*

18 U.S.C. § 925(c) ........................................................................14, 15

**Rules**

Rule 12(b)(6)........................................................................................12

**Other Authorities**

Second Amendment to the U.S. Constitution ....................................*passim*

Fifth Amendment to the U.S. Constitution .....................................14, 16

For the reasons set forth in the opening brief by Zherka[1] and in this reply, this Court should vacate the Order and Judgment and remand the case for further consideration, and for such other and further relief as this Court deems just and proper.

## ARGUMENT

## SECOND AMENDMENT

### 1. THE ORDER AND JUDGMENT SHOULD BE VACATED AND THE CASE REMANDED FOR FURTHER CONSIDERATION IN LIGHT OF THE SUPREME COURT DECISION IN *BRUEN*

The Order and Judgment should be vacated and the case remanded for further consideration because the District Court relied on the now-rejected two-step analysis for determining whether a statute violates an individual's Second Amendment rights. *New York State Rifle & Pistol Ass'n, Inc. v. Bruen,* 142 S. Ct. 2111 at 2127 (2022). Instead of means-end scrutiny, *Bruen* imposes a burden on the government to justify the law/regulation by showing it is "consistent with this Nation's historical tradition of firearm regulation." This cannot be done on appeal because there is no record to that effect as Zherka's case was dismissed at the pleading stage of the proceedings.

As set forth in Zherka's opening brief, when an intervening Supreme Court case undermines a district court's reasoning/holding or overrules the standard it applied, appellate courts routinely vacate and remand for the district court to

---

[1] The defined terms used herein are identical to those used in Zherka's opening brief.

consider the claims under the standards in the first instance. See, for example, *Saferstein v. Lawyers' Fund for Client Prot.*, 142 F. App'x 494 (2d Cir. 2005); *Taveras v. New York City, New York*, 2022 WL 2678719 (2d Cir. July 12, 2022); and *Sibley v. Watches,* 2022 WL 2824268, at *1 (2d Cir. July 20, 2022).

Other Circuits have similarly vacated and remanded in light of *Bruen*. See, *Duncan v. Bonta*, 49 F.4th 1228, 1231 (9th Cir. 2022); see also, *Jones v. Bonta*, 47 F.4th 1124, 1125 (9th Cir. 2022); *Martinez v. Villanueva*, No. 20-56233, 2022 WL 2452308, at *1 (9th Cir. July 6, 2022); *Oakland Tactical Supply, LLC v. Howell Twp., Michigan*, 2022 WL 3137711, at *1 (6th Cir. Aug. 5, 2022).

Since *Bruen* rejected the two-step inquiry but did not expressly address the issue of felon disarmament, the Order and Judgment should be vacated and the case remanded for further consideration to determine what impact *Bruen* has on this case.

Further, as set forth in Zherka's opening brief, it is respectfully submitted that other federal courts' rejection of constitutional challenges to Section 922(g)(1) arising from the Supreme Court's decision in *Bruen* are not binding on this Court. The Third Circuit decision *Range v. Attorney General United States*, 53 F. 4th 262 at 268 n. 6 (3d Cir. 2022), discussed below, mentions cases that rejected post-Bruen

challenges to 922(g)(1)[2]. However, none of these cases are within the Second Circuit and, therefore, are not controlling.

Notably, two of the post-*Bruen* decisions cited in *Range* specifically stated in footnotes that "**[…] the Court believes there is still much left unknown post-Bruen.**" (Emphasis added). See, *United States v. Collette*, 2022 WL 4476790, at *8, n. 75 (W.D. Tex. Sept. 25, 2022) and *United States v. Charles*, 2022 WL 4913900, at *11, n. 98 (W.D. Tex. Oct. 3, 2022). Further, in *United States v. Gonzalez*, 2022 WL 4376074, at *2 (7th Cir. Sept. 22, 2022), the Seventh Circuit wrote,

> Counsel first considers challenging the constitutionality of § 922(g)(1) as applied to Gonzalez and concludes that the argument would be frivolous. **Since the brief was filed, however, the Supreme Court interpreted the Second Amendment in *New York State Rifle & Pistol Association, Inc. v. Bruen*, 142 S. Ct. 2111 (2022). There, the Court held that, when assessing the constitutionality of a firearms regulation, the question is only whether the restriction is consistent with "the historical tradition that delimits the outer bounds of the right to keep and bear arms." *Id.* at 2127. We have acknowledged previously that the historical evidence is mixed about barring *all* felons from possessing guns. *See, e.g., Kanter v. Barr*, 919 F.3d 437, 445–47 (7th Cir. 2019), *abrogated on other grounds by N.Y. State Rifle*, 142 S. Ct. 2111; *see also United States v. Skoien*, 614 F.3d 638, 650 (7th Cir. 2010) (Sykes, J., dissenting).** But whether a government can forbid *violent* felons from possessing a firearm has not

---

[2] In footnote 6 in *Range*, the Third Circuit writes, "[…] we appear to be the first Court of Appeals to address the constitutionality of 18 U.S.C. 922(g)(1) since the Supreme Court decided Bruen […]." As discussed below, given the mixed historical evidence about barring all felons from possessing guns, the A.G. cannot merely rely on the Third Circuit decision in *Range* when no other Circuit Court has opined on this issue post-*Bruen*.

been meaningfully questioned by courts to date. *See, e.g., Kanter*, 919 F.3d at 451 (Barrett, J., dissenting). Moreover, the Justices have declined to question laws requiring background checks or barring felons from possessing firearms. *See N.Y. State Rifle*, 142 S. Ct. at 2138 n.8; *id.* at 2162 (Kavanaugh, J., concurring); *District of Columbia v. Heller*, 554 U.S. 570, 626 (2008). Gonzalez's offense—attempted murder—was violent, and we are aware of no authority supporting an argument that someone in his position historically had the right to possess a gun. Thus, it would be frivolous to argue that § 922(g)(1) is unconstitutional as applied to him.

(Emphasis added). Importantly, the constitutionality of Section 922(g)(1) as applied to someone who committed a non-violent felony, like Zherka, was not determined and the Court acknowledged that the historical evidence is mixed about barring all felons from possessing guns. *Gonzalez* at 2.

Given this mixed historical evidence, it is respectfully submitted that the A.G. cannot merely rely upon Range to meet its burden of justifying that 922(g)(1) is consistent with this Nation's historical tradition of firearm regulation.

As another example, then-Circuit Court Judge Barrett's comprehensive dissent in *Kanter v. Barr,* 919 F.3d 437 (7th Cir. 2019) puts to rest the notion that a total deprivation of gun rights was the historical norm in connection with (what we now call) "felonies." Id. at 463 (Barrett, J., dissenting). Judge Barrett wrote:

> **History is consistent with common sense: it demonstrates that legislatures have the power to prohibit dangerous people from possessing guns. But that power extends only to people who are dangerous. Founding-era legislatures did not strip felons of the**

> **right to bear arms simply because of their status as felons. Nor have the parties introduced any evidence that founding-era legislatures imposed virtue-based restrictions on the right; such restrictions applied to civic rights like voting and jury service, not to individual rights like the right to possess a gun. In 1791—and for well more than a century afterward— legislatures disqualified categories of people from the right to bear arms only when they judged that doing so was necessary to protect the public safety.**

(Emphasis added). *Id.* at 451.

Meanwhile, a different historical record was presented by the Third Circuit in *Range v. Attorney General United States*, 53 F. 4th 262 (3d Cir. 2022), wherein the Court concluded, "Based on history and tradition, we conclude that 'the people' constitutionally entitled to bear arms are the 'law-abiding, responsible citizens' of the polity, id. at 2131, a category that properly excludes those who have demonstrated disregard for the rule of law through the commission of felony and felony-equivalent offenses, whether or not those crimes are violent."

Given the different histories presented by the Third Circuit in *Range* and in Judge Barrett's dissent in *Kanter*, the A.G. here cannot simply rely upon *Range* to meet its burden of justifying that 922(g)(1) is "consistent with this Nation's historical tradition of firearm regulation", especially since Zherka's case was dismissed pre-

5

*Bruen* and at the pleading stage of the proceedings without discovery[3]. See also, *United States v. Bullock*, 2022 WL 16649175, at *3 (S.D. Miss. Oct. 27, 2022), wherein the Court deferred issuing a decision regarding the constitutionality of Section 922(g)(1) and, instead, asked "the parties whether it should appoint a historian to serve as a consulting expert in this matter" noting that the court did not want "to itself cherry-pick the history." There is no historical record in this record on appeal because the new standard adopted by the Supreme Court in *Bruen* was adopted after the District Court ruled. This Court should remand to allow the District Court to consider the historical analysis, if any, presented by the A.G. as set forth in *Bruen*.

The A.G. has not met its burden and, therefore, it is respectfully submitted that this Court should vacate the Order and Judgment and remand the case for further consideration.

---

[3] Range is also distinguishable from Zherka's case because in *Range*, the parties moved for summary judgment following discovery. See, 5:20-cv-03488-GEKP Document 11; see also, 21-2835 Document: 47-1, p. 6.

**2.** <u>**THE DISTRICT COURT ERRED IN RELYING ON CASES FROM OTHER CIRCUITS WITH NO PRECEDENTIAL AUTHORITY TO SUPPORT ITS HOLDING THAT THE APPLICATION OF SECTION 922(g)(1) TO INDIVIDUALS CONVICTED OF NON-VIOLENT FINANCIAL FELONIES, LIKE ZHERKA, DOES NOT IMPINGE UPON CONDUCT PROTECTED BY THE SECOND AMENDMENT**</u>

Zherka is still not aware of this Court directly addressing whether Section 922(g)(1) burdens conduct protected by the Second Amendment as applied to non-violent financial felons, like Zherka.

As detailed in Zherka's opening brief, the District Court not only relied on the now-rejected two-step analysis for determining whether a statute violates an individual's Second Amendment rights but also relied heavily on cases from other Circuits with no precedential authority to support its holding that the application of Section 922(g)(1) to individuals convicted of non-violent financial felonies, like Zherka, does not impinge upon conduct protected by the Second Amendment.

Further, the A.G.'s opposition relied heavily on the Third Circuit decision in *Range*[4], which is not controlling here, and as stated previously, is distinguishable because in *Range* the parties sought summary judgment after having had the benefit of discovery, which Zherka was deprived of here.

It remains to be seen what other Circuit Courts might do when faced with the question of whether Section 922(g)(1) is constitutional as applied to a non-violent

---

[4] *Range* was cited at least seventeen times in the A.G.'s opposition.

released felon like Zherka. For example, the Seventh and Eighth Circuits have allowed as-applied challenges in theory, though neither has ever granted one by a felon. Accordingly, those Circuits might very well come down differently than the Third Circuit in *Range*.

In *United States v. Williams*, 616 F.3d 685, 693 (7th Cir. 2010), the Seventh Circuit stated, "And although we recognize that § 922(g)(1) may be subject to an overbreadth challenge at some point because of its disqualification of all felons, including those who are non-violent, that is not the case for Williams." Williams was convicted of felony robbery, which involved beating a victim so badly that he needed sixty-five (65) stitches, and the court specifically stated that "Williams, as a violent felon, is not the ideal candidate to challenge the constitutionality of 922(g)(1)" leaving open the possibility of such challenge by a non-violent felon like Zherka. *Williams*, at 693.

Further, in *Hatfield v. Sessions*, 322 F.Supp.3d 885 (S.D. Ill. 2018), the district court granted summary judgment to a plaintiff's as-applied challenge to Section 922(g)(1). Hatfield was convicted twenty-eight (28) years earlier for lying on forms submitted with an unemployment claim. The court held that non-violent felons like Hatfield should not be "categorically unprotected by the Second Amendment." *Id*. at 890. In light of its subsequent decision in *Kanter*, surpa, the Seventh Circuit eventually reversed the district court's decision in *Hatfield* on the basis that crimes

involving fraud automatically put the individual outside the "sort of law-abiding, responsible citizen to whom *Heller* referred." *Hatfield v. Barr*, 925 F.3d 950, 951 (7th Cir. 2019). At the same time, however, the Seventh Circuit strongly implied that had Hatfield entered studies into evidence that showed non-violent felons were not more likely than the average citizen to commit a subsequent violent crime, the Court's decision might well have been different:

> Hatfield's brief in this court is data-free. When asked at oral argument whether he knew of any study showing that it is possible to predict future dangerousness, Hatfield's lawyer said that he did not—and added that he had not looked for one. He insisted that the Attorney General bears the burden of proving that it is not possible to predict felons' future dangerousness…. Hatfield's effort to avoid the subject is unavailing. He is the plaintiff, and plaintiffs bear the burden of production and the risk of non-persuasion.
>
> \* \* \*
>
> But § 922(g)(1) deals with felonies, and someone who wants us to carve out particular felonies (or felons) from a category that the Supreme Court has said is presumptively valid must supply an adequate basis for that distinction. Hatfield, who has not tried to show that it is possible to say whether he, and others like him, are to a constitutionally dispositive degree less dangerous than other felons, must accept that the Supreme Court's norm applies to him. He is not entitled to possess firearms.

*Hatfield* at 9535; *accord Kanter v. Barr*, 919 F.3d 437, 449 (7th Cir. 2019). Cases like *Hatfield* demonstrate that courts are willing to interpret *Heller* to permit as-applied challenges to Section 922(g). It also raises the question as to whether the

District Court erroneously and prematurely dismissed Zherka's underlying action at the pleading stage without any discovery or opportunity distinguish the application of Section 922(g)(1) to him, a person convicted of a non-violent financial felony, compared to those convicted of violent felonies.

Further, in *United States v. Woolsey*, 759 F.3d 905, 909 (8th Cir. 2014), "the Eighth Circuit has left open the possibility that a person could bring a successful as-applied challenge to § 922(g)(1)". Importantly, in *Woolsey*, the Eighth Circuit cited *United States v. Brown*, 436 Fed.Appx. 725, 726 (8th Cir.2011) which distinguished violent and non-violent felonies:

> To the extent the Eighth Circuit has left open the possibility that a person could bring a successful as-applied challenge to § 922(g)(1), the Eighth Circuit has denied similar claims from defendants with criminal histories similar to Woolsey. For example, in *United States v. Brown,* 436 Fed.Appx. 725, 726 (8th Cir.2011) (per curiam) (unpublished), this court stated the following:
>
>> [The defendant] has not presented "facts about himself and his background that distinguish his circumstances from those of persons historically barred from Second Amendment protections." *United States v. Barton,* 633 F.3d 168, 174 (3d Cir.2011). **He does not allege, for example, that his stipulated prior felony conviction was for a non violent offense** or that he is "no more dangerous than a typical law-abiding citizen." *Id.* [The defendant's] assertion that he possessed the gun for self defense is insufficient to successfully challenge his

> conviction under the felon in possession
> statute.
>
> Prior to trial, Woolsey stipulated that he had three prior
> felony convictions, which included two convictions for
> resisting arrest and one for aggravated assault. These are
> not non-violent crimes. Woolsey has not shown that he is
> "no more dangerous than a typical law-abiding
> citizen." *Brown,* 436 Fed.Appx. at 726. We reject
> Woolsey's as-applied challenge to the constitutionality of
> § 922(g)(1).

(Emphasis added). *Woolsey*, 759 F.3d 905, 909 (8th Cir. 2014). Here, as stated,

Zherka was convicted of a non-violent financial felony thereby distinguishing his

circumstances from the defendants in *Woolsey* and *Brown*.

The First Circuit also has not completely foreclosed the possibility of an as-

applied challenge. See, *United States v. Torres-Rosario*, 658 F.3d 110, 113 (1st Cir.

2011),

> Torres–Rosario does make what he describes as an as-
> applied challenge, saying that he has no prior convictions
> for any violent felony. "It is well-established that felons
> are more likely to commit violent crimes than are other
> law-abiding citizens." Barton, 633 F.3d at 175. **But—
> given the "presumptively lawful" reference in Heller—
> the Supreme Court may be open to claims that some
> felonies do not indicate potential violence and cannot
> be the basis for applying a categorical ban**.
>
> Possibly it might even be open to highly fact-specific
> objections. In Britt v. State, 363 N.C. 546, 681 S.E.2d 320
> (2009), the North Carolina Supreme Court held that Britt's
> conviction 30 years earlier, on a guilty plea to one count
> of possession of drugs with intent to distribute, was
> insufficient to deprive him of his right to keep and bear

11

arms under the state constitution. But such an approach, applied to countless variations in individual circumstances, would obviously present serious problems of administration, consistency and fair warning.

In all events, two of Torres–Rosario's prior convictions were for serious drug offenses—distribution and possession with intent to distribute Class A controlled substances—and drug dealing is notoriously linked to violence. United States v. Luciano, 329 F.3d 1, 6 (1st Cir.2003); United States v. Green, 887 F.2d 25, 27 (1st Cir.1989). Assuming arguendo that the Supreme Court might find some felonies so tame and technical as to be insufficient to justify the ban, drug dealing is not likely to be among them.

Torres-Rosario was convicted of serious drug offenses "notoriously linked to violence", clearly distinguishable from the facts herein.

In *Schrader v. Holder*, 704 F.3d 980, 991 (D.C. Cir. 2013), which was discussed at length in *Medina v. Whitaker*, 913 F. 3d 152 (D.C. Cir. 2019), the D.C. Circuit decided a claim that Section 922(g)(1) was unconstitutional as applied to a particular class of offenders—common-law misdemeanants convicted of offenses that carried no upper limits on the permissible term of imprisonment and thus qualified for the federal felon in possession ban—and upheld the district court's Rule 12(b)(6) dismissal, thereby affirming prohibitions on firearm possession by convicted offenders. *Id.* at 988. However, responding to the argument "that the statute is invalid as applied to Schrader" himself, the court noted that

12

> Were this argument properly before us, *Heller* might well dictate a different outcome. According to the complaint's allegations, Schrader's offense occurred over forty years ago and involved only a fistfight. Second Am. Compl. ¶ 10. Schrader received no jail time, served honorably in Vietnam, and, except for a single traffic violation, has had no encounter with the law since then. *Id.* ¶¶ 11–12. To the extent that these allegations are true, we would hesitate to find Schrader outside the class of "law-abiding, responsible citizens" whose possession of firearms is, under *Heller*, protected by the Second Amendment. *Heller*, 554 U.S. at 635, 128 S.Ct. 2783.

*Schrader* at 991. Accordingly, the language in *Schrader* seemingly invited future as-applied challenges but it did not conclusively resolve the question.

*Medina*, supra, challenged the application of Section 922(g)(1) to himself individually and while the District Court here relied heavily upon *Medina*, it is respectfully submitted that *Medina* is distinguishable from the case at bar since following Medina's 1990 felony, he also pled guilty to three misdemeanor counts in 1996. *Id*. Here, there is nothing in the Appendix demonstrating that Zherka had any convictions other than the non-violent felony at issue. In addition, the D.C. Circuit in *Medina* is not controlling.

Further, for the reasons set forth in Zherka's opening brief, the District Court erred in relying upon *Folajtar v. Att'y Gen. of the U.S.*, 980 F.3d 897, 904, 906 (3d Cir. 2020), *United States v. Yancey*, 621 F.3d 681, 684-85 (7th Cir. 2010) (per curiam), and *Libertarian Party of Erie County v. Cuomo*, 970 F.3d 106 (2d Cir. 2020).

Based upon the foregoing and Zherka's opening brief, the Order and Judgment should be vacated and the case remanded for further consideration.

## FIFTH AMENDMENT

**3.** **THE DISTRICT COURT ERRED IN DISMISSING ZHERKA'S FIFTH AMENDMENT DUE PROCESS CLAIM PREMISED ON HIS INABILITY TO SEEK RELIEF FROM SECTION 922(g)(1)'S FIREARM BAN THROUGH SECTION 925(C)**

It is respectfully submitted that the District Court also erred in dismissing Zherka's Fifth Amendment due process claim.

It is undisputed that the mechanism previously provided by 18 USC 925(c), which allowed felons to apply to the Attorney General for relief from 922(g)(1) is no longer available. Accordingly, any application Zherka otherwise could make to the Attorney General or his designee would be returned, not acted upon, and neither granted nor denied. (App'x A9). Absent an actual denial by the Attorney General or his designee of an otherwise properly presented application, any petition for review filed in the appropriate United States District Court would be dismissed for lack of statutory subject matter jurisdiction, pursuant to the Supreme Court decision in *Bean*, discussed at length in Zherka's opening brief, n. 4. Accordingly, Zherka has no remedy or recourse under § 925(c), and the pursuit of such a statutory claim would be futile. *Id.*

The A.G., like the District Court, argues that Zherka's due process claim is foreclosed by the Supreme Court's decision in *Connecticut Department of Public*

14

*Safety v. Doe*, 538 U.S. 1 (2003). As set forth in Zherka's opening brief, *Doe* is distinguishable from the case here. First, in the Complaint and the underlying motion to dismiss, Zherka did not argue that his due process rights were violated only because he was not entitled to a hearing. (App'x A5-15, A67-90). Zherka argued that there is not even a mechanism by which he can seek relief from Section 922(g)(1), such as that provided by Section 925(c), including the application, investigation, review process, and hearing. *Id.*

Further, *Doe* is not analogous to the case at bar because in *Doe* the alleged injury to the plaintiffs was to their reputation. "Mere injury to reputation, even if defamatory, does not constitute the deprivation of a liberty interest. *Paul v. Davis*, 424 U.S. 693, 96 S.Ct. 1155, 47 L.Ed.2d 405." *Doe*, at 1-2. Here, Zherka has a constitutionally protected liberty interest in, *inter alia*, his Second Amendment right to bear arms. The Court in *Doe* did state, "But even assuming, *arguendo,* that respondent has been deprived of a liberty interest, due process does not entitle him to a hearing to establish a fact—that he is not currently dangerous—that is not material under the statute. Cf., *e.g., Wisconsin v. Constantineau,* 400 U.S. 433, 91 S.Ct. 507, 27 L.Ed.2d 515." However, as stated above, Zherka is not aware of this Court directly addressing whether Section 922(g)(1) burdens conduct protected by the Second Amendment as applied to non-violent financial felons, like Zherka. Accordingly, it cannot be said what facts are or are not material under the statute.

15

Based upon the foregoing, it is respectfully submitted that the District Court also erred in dismissing Zherka's Fifth Amendment due process claim.

## **<u>CONCLUSION</u>**

For all of the reasons set forth above and in Zherka's opening brief, it is respectfully submitted that the Order and Judgment should be vacated and the case remanded for further consideration, and for such other and further relief as this Court deems just and proper.

Dated:      Rye, New York
December 27, 2022

Yours, etc.

/s/ Anthony G. Piscionere

By:    _____
Anthony G. Piscionere, Esq.
PISCIONERE & NEMAROW, P.C.
*Attorneys for Plaintiff-Appellant*
363 Boston Post Road
Rye, New York 10580
(914) 835-6900
Fax: (914) 835-6931
Email: tony@pnesqs.net

16

## <u>CERTIFICATE OF COMPLIANCE WITH FRAP 32(A)</u>

1.    This brief complies with the type-volume limitation of Fed. R. App. P.

32(a)(7)(B) because this brief contains 3,787 words, excluding the parts of

the brief exempted by Fed. R. App. P. 32(a)(7)(B)(iii).

2.    This brief complies with the typeface requirements of Fed. R. App. P.

32(a)(5) and the type style requirements of Fed. R. App. P. 32(a)(6) because

this brief has been prepared in a proportionally spaced typeface using

Microsoft Word in Times New Roman, 14 point font.

Dated:      Rye, New York
            December 27, 2022

                              Respectfully submitted,

                              /s/ Anthony G. Piscionere
                 By:    _____
                              Anthony G. Piscionere, Esq.
                              PISCIONERE & NEMAROW, P.C.
                              *Attorneys for Plaintiff-Appellant*
                              363 Boston Post Road
                              Rye, New York 10580
                              (914) 835-6900
                              Fax: (914) 835-6931
                              Email: tony@pnesqs.net