

**U.S. Department of Justice**

*United States Attorney*
*Southern District of New York*

*86 Chambers Street*
*New York, New York 10007*

April 17, 2023

By ECF

Catherine O'Hagan Wolfe
Clerk of the Court
United States Court of Appeals for the Second Circuit
Thurgood Marshall United States Courthouse
40 Foley Square
New York, New York 10007

      Re:    *Zherka v. Garland*, No. 22-1108 (oral argument scheduled for May 8, 2023)

Dear Ms. Wolfe:

      Defendant-appellee Merrick B. Garland, in his official capacity as Attorney General of the United States, respectfully submits this letter pursuant to Rule 28(j) of the Federal Rules of Appellate Procedure to inform the Court of the Eighth Circuit's recent decision in *United States v. Sitladeen*, No. 22-1010, 2023 WL 2765015 (April 4, 2023). *Sitladeen* rejected a Second Amendment challenge to 18 U.S.C. § 922(g)(5)(A), which prohibits firearm possession by noncitizens who are unlawfully present in the United States. The court concluded the issue was controlled by prior circuit precedent holding that individuals subject to this statute "are not part of 'the people' to whom the protections of the Second Amendment extend." *Id.* at *5. *Sitladeen* reasoned that the analysis in *United States v. Flores*, 663 F.3d 1022 (8th Cir. 2011), was "consistent with" the Supreme Court's decision in *Bruen*, as *Flores* had "not reach[ed] [its] conclusion . . . by engaging in means-end scrutiny or some other interest-balancing exercise" but rather by concluding that the conduct regulated by the statute was not "protected by the plain text of the Second Amendment." *Id.* at *4-5.

      *Sitladeen* is consistent with the government's argument in this case—and the district court's opinion—that the "people" who possess a right to keep and bear firearms under the Second Amendment is a category that properly excludes those who have committed felony and felony-equivalent offenses and are therefore subject to 18 U.S.C. § 922(g)(1). Gov't Br. 10-17, 26-29. *Sitladeen* further confirms the continued precedential nature of pre-*Bruen* decisions that upheld felon-dispossession laws without relying on means-end scrutiny—including this Court's precedent in *United States v. Bogle*, 717 F.3d 281 (2d Cir. 2013), and its progeny. Gov't Br. 11-12 (discussing this Court's precedent as well as decisions of other circuits). And *Sitladeen* reflects that where a regulation comports with "*Bruen*'s threshold textual inquiry," "the Government bears no burden" to show that the regulation is consistent with historical tradition, 2023 WL 2765015, at *4 n.3—a showing that, in any event, the government has made with respect to § 922(g)(1), Gov't Br. 17-26.

Thank you for your consideration.

                                            Respectfully submitted,

                                            DAMIAN WILLIAMS
                                            United States Attorney

By:   /s/ Lucas Issacharoff
        LUCAS ISSACHAROFF
        BENJAMIN H. TORRANCE
        Assistant United States Attorneys
        86 Chambers Street, 3rd Floor
        New York, New York 10007
        Tel.: (212) 637-2737/2703
        E-mail: lucas.issacharoff@usdoj.gov
                       benjamin.torrance@usdoj.gov

cc: Counsel of record (via ECF)