# Cooper & Kirk

Lawyers
A Professional Limited Liability Company

Peter A. Patterson  
ppatterson@cooperkirk.com

1523 New Hampshire Avenue, N.W.  
Washington, D.C. 20036

(202) 220-9600  
Fax (202) 220-9601

April 28, 2023

**VIA CM/ECF**
Catherine O'Hagan Wolfe, Clerk
United States Court of Appeals
 for the Second Circuit
Thurgood Marshall United
 States Courthouse
40 Foley Square
New York, New York 10007

Re: Response to Supplemental Authority in *Zherka v. Garland*, No. 22-1108 (oral argument scheduled for May 8, 2023)

Dear Ms. Wolfe,

I write in response to the government's submission of *United States v. Sitladeen*, No. 22-1010, 2023 WL 2765015 (April 4, 2023) as supplemental authority. *Sitladeen* does not help the government in this case.

First, *Sitladeen* does not support the panel's conclusion that the "people" in the Second Amendment's text excludes American citizens who have been convicted of a felony. *Sitladeen* arose in the disanalogous context of the federal law banning possession of a firearm by an alien who is unlawfully present in the United States, 18 U.S.C. § 922(g)(5)(A), and the Eighth Circuit had previously held that "the plain text of the Amendment does not cover *any* conduct by unlawfully present aliens." 2023 WL 2765015, at *5 (citing *United States v. Flores*, 663 F.3d 1022 (8th Cir. 2011). Unlike an unlawfully present alien, Zherka is undeniably an "American[ ]" who is part of the "national community" and therefore within the plain-text meaning of "the people" as defined by *District of Columbia v. Heller*, 554 U.S. 570, 580-81 (2008).

Second, *Sitladeen* does not stand for the proposition that pre-*Bruen* court of appeals precedent upholding Section 922(g)(1) remains good law as long as it did

# Cooper & Kirk
### Lawyers

Catherine O'Hagan Wolfe, Clerk
April 28, 2023
Page 2 of 2

not rely on means-ends scrutiny. Rather, it stands for the narrower proposition that such precedent may still be good law if it resolved a challenge through a textual and historical analysis of the Second Amendment—in other words, if it applied the *Bruen* test before *Bruen*. But here, there is no Second Circuit precedent addressing the question presented. While this Court held in *United States v. Bogle*, 717 F.3d 281 (2d Cir. 2013), that Section 922(g)(1) is facially constitutional, the validity of Section 922(g)(1)'s application to nonviolent felons is "a matter of first impression in this Circuit." A124; *see* Reply Br. 7.

        Sincerely,

        s/ Peter A. Patterson
        Peter A. Patterson
        COOPER & KIRK PLLC
        1523 New Hampshire Ave., N.W.
        Washington, DC 20036
        dthompson@cooperkirk.com
        Tel: (202) 220-9600
        Fax: (202) 220-9601
        *Attorney for Appellant*

cc : All counsel of record (via CM/ECF)