# Cooper & Kirk

Lawyers
A Professional Limited Liability Company

Peter A. Patterson  
ppatterson@cooperkirk.com

1523 New Hampshire Avenue, N.W.  
Washington, D.C. 20036

(202) 220-9600  
Fax (202) 220-9601

June 8, 2023

**Via CM/ECF**
Catherine O'Hagan Wolfe
Clerk of the Court
United States Court of Appeals for the Second Circuit
Thurgood Marshall United States Courthouse
40 Foley Square
New York, New York 10007

Re:   *Zherka v. Garland*, No. 22-1108

Dear Ms. Wolfe:

In *Range v. Attorney General*, No. 21-2835 (3d Cir. June 6, 2023), ECF No. 110 ("Op.") (attached), the en banc Third Circuit held that Section 922(g)(1) is unconstitutional as applied to an individual convicted of a fraud offense. If adopted by this Court (and it should be), *Range*'s reasoning would require a ruling for Zherka, who was convicted of conspiring to commit fraud. Indeed, the Government itself effectively has conceded the pertinence of *Range* by relying repeatedly on the Third Circuit's now-superseded panel decision in its brief. *See* Def.-Appellee's Br. at iv ("Gov't Br.") (indicating *Range* panel opinion cited "*passim*"). And the en banc court's decision serially rejects the same arguments the Government makes here.

*First*, *Range* holds that an individual convicted of a criminal offense "remains among 'the people' " protected by the Second Amendment's plain text. Op. 15; *contra* Gov't Br. 10–12.

*Second*, *Range* demonstrates that under *Bruen*, *Heller*'s language about "presumptively constitutional" regulations cannot help the Government because "a law passed in 1961"—as was Section 922(g)(1) in relevant respect—"falls well short of 'longstanding' for purposes of demarcating the scope of a constitutional right." Op. 17; *contra* Gov't Br. 10–11.

1

Catherine O'Hagan Wolfe, Clerk
June 8, 2023
Page 2 of 2

*Third*, *Range* rejects the relevance of pre-*Bruen* circuit court decisions upholding Section 922(g)(1). Op. 21–22; *contra* Gov't Br. 11–12.

*Fourth*, *Range* rejects the government's claimed historical support for disarming a fraud offender, such as "restrictions based on race and religion [that] now would be unconstitutional under the First and Fourteenth Amendments" and "founding-era governments' execution of some individuals convicted of certain offenses." Op. 18–20; *contra* Gov't Br. 17–23.

In sum, "the Government has not shown that our Republic has a longstanding history and tradition of depriving people like Range of their firearms." Op. 22. Zherka is like Range in all constitutionally relevant respects and depriving him of his right to keep and bear arms is likewise unconstitutional.

        Respectfully Submitted,

        /s/ Peter A. Patterson
        Peter A. Patterson
        COOPER & KIRK, PLLC
        1523 New Hampshire Ave., N.W.
        Washington, DC 20036
        ppatterson@cooperkirk.com
        Tel: (202) 220-9600
        Fax: (202) 220-9601

        *Counsel for Plaintiff-Appellee*

cc: All counsel of record (via CM/ECF)