

U.S. Department of Justice

*United States Attorney*
*Southern District of New York*

*86 Chambers Street*
*New York, New York 10007*

June 8, 2023

By ECF

Catherine O'Hagan Wolfe
Clerk of the Court
United States Court of Appeals for the Second Circuit
Thurgood Marshall United States Courthouse
40 Foley Square
New York, New York 10007

      Re:    *Zherka v. Garland*, No. 22-1108 (oral argument held May 8, 2023)

Dear Ms. Wolfe:

      Defendant-appellee respectfully writes in response to plaintiff-appellant's letter regarding the Third Circuit's decision in *Range v. Attorney General*, No. 21-2835 (June 6, 2023), and to inform the Court of the Eighth Circuit's decision in *United States v. Jackson*, No. 22-2870 (June 2, 2023), both of which involved as-applied Second Amendment challenges to 18 U.S.C. § 922(g)(1). *Range* held that § 922(g)(1) is unconstitutional as applied to an individual whose disqualifying offense was a 1995 conviction for a state-law fraud misdemeanor for which he served no prison time. For the reasons discussed in the government's brief and by the dissenting judges in *Range*, the Third Circuit's conclusion is incorrect.

      *Range* departs from controlling decisions in several other circuits, including this Court's precedent as well as the Eighth Circuit's recent decision in *Jackson*. *See* Government Br. 11-12. *Jackson* held § 922(g)(1) constitutional as applied to an individual whose disqualifying offenses were state-law felonies for selling controlled substances. There, as here, the challenger argued that his offenses were "'non-violent' and do not show that he is more dangerous than the typical law-abiding citizen." Op. 8.

      *Jackson* held "that there is no need for felony-by-felony litigation regarding the constitutionality of § 922(g)(1)." Op. 8; *see* Government Br. 24-25. *Bruen* "did not disturb" the Supreme Court's prior "assurances" that its Second Amendment precedents do not cast doubt on felon-dispossession laws. *Id*. And *Jackson* reasoned that "there is considerable support in the historical record" demonstrating that § 922(g)(1) fits comfortably within legislatures' historical authority "to prohibit possession of firearms by persons who have demonstrated disrespect for legal norms of society." Op. 12; *see also id.* 10-11; *see generally* Government Br. 17-23. Moreover, *Jackson* reasoned that even if the relevant historical principle is that legislatures may enact firearm legislation to "address a risk of dangerousness, then the prohibition on possession by convicted felons still passes muster" because relevant historical firearm regulations included "no requirement for an individualized determination of dangerousness as to each person in a class of prohibited persons." Op. 12; *see* Government Br. 31-32.

Thank you for your consideration.

        Respectfully submitted,

        DAMIAN WILLIAMS
        United States Attorney

By:   /s/ Lucas Issacharoff
        LUCAS ISSACHAROFF
        BENJAMIN H. TORRANCE
        Assistant United States Attorneys
        86 Chambers Street, 3rd Floor
        New York, New York 10007
        Tel.: (212) 637-2737/2703
        E-mail: lucas.issacharoff@usdoj.gov
                benjamin.torrance@usdoj.gov

cc: Counsel of record (via ECF)