

*U.S. Department of Justice*

*United States Attorney*
*Southern District of New York*

<small>86 Chambers Street</small>
<small>New York, New York 10007</small>

September 15, 2023

<u>By ECF</u>

Catherine O'Hagan Wolfe
Clerk of the Court
United States Court of Appeals for the Second Circuit
Thurgood Marshall United States Courthouse
40 Foley Square
New York, New York 10007

  Re: *Zherka v. Garland*, No. 22-1108
     Oral argument held May 8, 2023, before Judges Newman, Lynch, and Pérez

Dear Ms. Wolfe:

  Defendant-appellee respectfully writes, pursuant to Rule 28(j), to inform the Court of the Tenth Circuit's decision today in *Vincent v. Garland*, No. 21-4121 (10th Cir. Sept. 15, 2023). In *Vincent*, the Tenth Circuit rejected a nonviolent bank fraud felon's claim that 18 U.S.C. § 922(g)(1)'s prohibition on possession of a firearm by a felon violated the Second Amendment as applied to her.

  The court held it was bound by its prior ruling in *United States v. McCane*, 573 F.3d 1037, 1047 (10th Cir. 2009). The court noted that *McCane* had not employed the two-step test abrogated by the Supreme Court in *New York State Rifle & Pistol Ass'n, Inc. v. Bruen*, 142 S. Ct. 2111 (2022), but rather had relied on the Supreme Court's language in *District of Columbia v. Heller*, 554 U.S. 570 (2008), stating that felon dispossession statutes were "presumptively lawful," and that "nothing in [*Heller*] should be taken to cast doubt on longstanding prohibitions on the possession of firearms by felons." *Vincent* slip op. 6-7 & n.3 (quoting *Heller*, 554 U.S. at 626-27 & n.26). The court additionally concluded that *Bruen*, far from casting doubt on § 922(g)(1), in fact suggested the continuing vitality of pre-*Bruen* decisions upholding the law's constitutionality: "Given the six Justices' reaffirmation of the *Heller* language and the Court's apparent approval of 'shall-issue' regimes and related background checks, we conclude that *Bruen* did not indisputably and pellucidly abrogate our precedential opinion in *McCane*." Slip op. 9. Finding that *McCane* remained good law and foreclosed any as-applied challenge to § 922(g)(1)'s constitutionality by a felon, the court affirmed the district court's dismissal.

  Similar to *McCane*, this Court's decision in *United States v. Bogle*, 717 F.3d 281 (2d Cir. 2013), did not employ the two-step test abrogated by *Bruen* and instead relied upon *Heller*'s assurances regarding felon dispossession statutes in upholding the constitutionality of § 922(g)(1). (Gov't Br. 16-17). And like *McCane* (which *Bogle* cited, 717 F.3d at 282 n.1), *Bogle* forecloses the possibility of an as-applied challenge to § 922(g)(1) by a felon such as plaintiff-appellant. (Gov't Br. 11).

Thank you for your consideration.

                            Respectfully submitted,

                            DAMIAN WILLIAMS
                            United States Attorney

By:    /s/ Lucas Issacharoff
                            LUCAS ISSACHAROFF
                            BENJAMIN H. TORRANCE
                            Assistant United States Attorneys
                            86 Chambers Street, 3rd Floor
                            New York, New York 10007
                            Tel.: (212) 637-2737/2703
                            E-mail: lucas.issacharoff@usdoj.gov
                                      benjamin.torrance@usdoj.gov

cc: Counsel of record (via ECF)