# Cooper & Kirk

Lawyers
A Professional Limited Liability Company

Peter A. Patterson  
ppatterson@cooperkirk.com

1523 New Hampshire Avenue, N.W.  
Washington, D.C. 20036

(202) 220-9600  
Fax (202) 220-9601

September 21, 2023

**VIA ELECTRONIC FILING**
Catherine O'Hagan Wolfe, Clerk
United States Court of Appeals
 for the Second Circuit
Thurgood Marshall United
 States Courthouse
40 Foley Square
New York, New York 10007

> Re: Response to Supplemental Authority in *Zherka v. Garland*, No. 22-1108 (oral argument held May 8, 2023 before Judges Newman, Lynch, and Pérez)

Dear Ms. Wolfe,

I write in response to the government's submission of *Vincent v. Garland*, No. 21-4121 (10th Cir. Sept. 15, 2023), as supplemental authority. *Vincent* does not support the government in this case.

In *Vincent*, the Tenth Circuit ruled that *Bruen* did not abrogate circuit precedent holding Section 922(g)(1) is constitutional in all applications. *Vincent*, slip op. at 5–6. The government claims that this is informative as to the continuing validity and relevance of this Court's decision in *United States v. Bogle*, 717 F.3d 281 (2d Cir. 2013). *See* Gov't's Rule 28(j) Letter at 1, Doc. 135 (Sept. 15, 2023). But even if *Bogle* remains good law, it does not resolve this case in the Government's favor. *Bogle* was a facial challenge, not an as-applied challenge, and in upholding the constitutionality of Section 922(g)(1), the panel cited to several cases that expressly held out the possibility of successful *as-applied* challenges (like this one) to the statute. *See Bogle*, 717 F.3d at 282 n.1 (citing, for example, *United States v. Barton*, 633 F.3d 168 (3d Cir. 2011)). The constitutionality

# Cooper & Kirk
Lawyers

Catherine O'Hagan Wolfe, Clerk
September 21, 2023
Page 2 of 2

of applying Section 922(g)(1) to *nonviolent* felons like Zherka is "a matter of first impression in this Circuit." A124; *see* Reply Br. at 7, Doc. 85 (Dec. 27, 2022).

Moreover, to the extent that *Vincent* arrives at its conclusion because it views certain identified "longstanding prohibitions" like the federal ban on felon possession of firearms as *per se* constitutional, it is wrong and should not be followed. *Vincent*, slip op. at 7. *Bruen* makes clear that in all cases where the Second Amendment is implicated the Government bears the burden to demonstrate the constitutionality of its law. *See N.Y. State Rifle & Pistol Ass'n v. Bruen*, 142 S. Ct. 2111, 2126 (2022). This includes as-applied challenges to Section 922(g)(1). *See Range v. U.S. Att'y Gen.*, 69 F.4th 96, 103 (3d Cir. 2023) (en banc).

      Sincerely,

      s/Peter A. Patterson
      Peter A. Patterson
      COOPER & KIRK PLLC
      1523 New Hampshire Ave., N.W.
      Washington, DC 20036
      ppatterson@cooperkirk.com
      Tel: (202) 220-9600
      Fax: (202) 220-9601

      *Attorney for Appellant*