

**U.S. Department of Justice**

*United States Attorney*
*Southern District of New York*

*86 Chambers Street*
*New York, New York 10007*

March 6, 2024

<u>By ECF</u>

Catherine O'Hagan Wolfe
Clerk of the Court
United States Court of Appeals for the Second Circuit
Thurgood Marshall United States Courthouse
40 Foley Square
New York, New York 10007

      Re:    *Zherka v. Garland*, No. 22-1108
              Oral argument held May 8, 2023, before Judges Newman, Lynch, and Pérez

Dear Ms. Wolfe:

      Defendant-appellee respectfully writes, pursuant to Rule 28(j), to inform the Court of the Eleventh Circuit's decision in *United States v. Dubois*, No. 22-10829 (11th Cir. Mar. 5, 2024). In *Dubois*, the court rejected a felon's claim that 18 U.S.C. § 922(g)(1) violated the Second Amendment in the wake of *New York State Rifle & Pistol Ass'n, Inc. v. Bruen*, 142 S. Ct. 2111 (2022).

      The court held it was bound by its prior ruling in *United States v. Rozier*, 598 F.3d 768, 770-71 (11th Cir. 2010), upholding the constitutionality of § 922(g)(1). The court emphasized the *Bruen* decision's consistency with *District of Columbia v. Heller*, 554 U.S. 570 (2008), including with *Heller*'s statements regarding the constitutionality of felon-in-possession restrictions: "*Bruen* did not abrogate *Rozier*. Because the Supreme Court made it clear in *Heller* that its holding did not cast doubt on felon-in-possession prohibitions, and because the Court made it clear in *Bruen* that its holding was in keeping with *Heller*, *Bruen* could not have clearly abrogated our precedent upholding section 922(g)(1)." *Dubois*, 2024 WL 927030 at *5 (quotation marks, brackets, and citations omitted).

      The court further noted that *Rozier* had not employed the two-step test abrogated by the Supreme Court in *Bruen*. Rather, "*Rozier* upheld section 922(g)(1) on the threshold ground that felons are categorically 'disqualified' from exercising their Second Amendment right under *Heller*." *Dubois*, 2024 WL 927030 at *6 (citing *Rozier*, 598 F.3d at 770-71).

      Similar to *Rozier*, this Court's decision in *United States v. Bogle*, 717 F.3d 281 (2d Cir. 2013), did not employ the two-step test abrogated by *Bruen* and instead relied upon *Heller*'s assurances regarding felon dispossession statutes in upholding the constitutionality of § 922(g)(1). (Gov't Br. 16-17). Thus, like *Rozier* (which *Bogle* cited, 717 F.3d at 282 n.1), *Bogle*'s affirmation that "§ 922(g)(1) is a constitutional restriction on the Second Amendment rights of convicted felons," 717 F.3d at 281-82, remains binding precedent. (Gov't Br. 11-17).

Thank you for your consideration.

                                      Respectfully submitted,

                                      DAMIAN WILLIAMS
                                      United States Attorney

By:     /s/ Lucas Issacharoff
            LUCAS ISSACHAROFF
            BENJAMIN H. TORRANCE
            Assistant United States Attorneys
            86 Chambers Street, 3rd Floor
            New York, New York 10007
            Tel.: (212) 637-2737/2703
            E-mail: lucas.issacharoff@usdoj.gov
                       benjamin.torrance@usdoj.gov

cc: Counsel of record (via ECF)