# Cooper & Kirk

Lawyers
A Professional Limited Liability Company

Peter A. Patterson
ppatterson@cooperkirk.com

1523 New Hampshire Avenue, N.W.
Washington, D.C. 20036

(202) 220-9600
Fax (202) 220-9601

March 27, 2024

**VIA ELECTRONIC FILING**
Catherine O'Hagan Wolfe, Clerk
United States Court of Appeals
  for the Second Circuit
Thurgood Marshall United
  States Courthouse
40 Foley Square
New York, New York 10007

  Re: Response to Supplemental Authority in *Zherka v. Garland*, No. 22-1108 (oral argument held May 8, 2023 before Judges Newman, Lynch, and Pérez)

Dear Ms. Wolfe,

  I write in response to the government's submission of *United States v. Dubois*, No. 22-10829, 2024 WL 927030 (11th Cir. Mar. 5, 2024), as supplemental authority. For the same reasons that applied to the government's submission of *Vincent v. Garland*, 80 F.4th 1197 (10th Cir. 2023), *Dubois* does not support the government in this case.

  In *Dubois*, the Eleventh Circuit ruled that *Bruen* did not abrogate circuit precedent holding Section 922(g)(1) is constitutional in all applications. *Dubois*, 2024 WL 927030, at *5. The government claims that this is informative as to the continuing validity and relevance of this Court's decision in *United States v. Bogle*, 717 F.3d 281 (2d Cir. 2013). *See* Gov't Ltr., Doc. 139 at 1 (Mar. 6, 2024). But even if *Bogle* remains good law, it does not resolve this case in the government's favor. Unlike the Eleventh Circuit precedent in *Dubois*, *Bogle* was a facial challenge, not an as-applied challenge, and in upholding the constitutionality of Section 922(g)(1), the panel cited to several cases that expressly held out the possibility of

# Cooper & Kirk
Lawyers

Catherine O'Hagan Wolfe, Clerk
March 27, 2023
Page 2 of 2

successful *as-applied* challenges (like this one) to the statute. *See Bogle*, 717 F.3d at 282 n.1 (collecting cases). The constitutionality of applying Section 922(g)(1) to *nonviolent* felons like Zherka is "a matter of first impression in this Circuit." A124; *see* Reply Br., Doc. 85 at 7 (Dec. 27, 2022).

Moreover, to the extent that *Dubois* arrives at its conclusion because it views certain identified "longstanding prohibitions" like the federal ban on felon possession of firearms as *per se* constitutional, it is wrong and should not be followed. *Dubois*, 2024 WL 927030, at **4, 6 (cleaned up). *Bruen* makes clear that in all cases where the Second Amendment is implicated the Government bears the burden to demonstrate the constitutionality of its law. *See, e.g.*, *N.Y. State Rifle & Pistol Ass'n v. Bruen*, 597 U.S. 1, 17 (2022). This includes as-applied challenges to Section 922(g)(1). *See Range v. Att'y Gen.*, 69 F.4th 96, 103 (3d Cir. 2023) (en banc).

Sincerely,

s/Peter A. Patterson
Peter A. Patterson
COOPER & KIRK PLLC
1523 New Hampshire Ave., N.W.
Washington, DC 20036
ppatterson@cooperkirk.com
Tel: (202) 220-9600
Fax: (202) 220-9601

*Attorney for Appellant*

cc : All counsel of record via CM/ECF