

*U.S. Department of Justice*

*United States Attorney*
*Southern District of New York*

86 Chambers Street
New York, New York 10007

April 16, 2024

<u>By ECF</u>

Catherine O'Hagan Wolfe
Clerk of the Court
United States Court of Appeals for the Second Circuit
Thurgood Marshall United States Courthouse
40 Foley Square
New York, New York 10007

      Re:    *Zherka v. Garland*, No. 22-1108
             Oral argument held May 8, 2023, before Judges Newman, Lynch, and Pérez

Dear Ms. Wolfe:

      Defendant-appellee (the "government") respectfully writes, pursuant to Rule 28(j), to inform the Court of the Seventh Circuit's decision in *United States v. Gay*, No. 23-2097, 2024 WL 1595285 (7th Cir. Apr. 12, 2024). In *Gay*, the court rejected a felon's claim that 18 U.S.C. § 922(g)(1) violated the Second Amendment in the wake of *New York State Rifle & Pistol Ass'n, Inc. v. Bruen*, 597 U.S. 1 (2022).

      The Seventh Circuit emphasized the *Bruen* decision's consistency with *District of Columbia v. Heller*, 554 U.S. 570 (2008), including with *Heller*'s statements regarding the constitutionality of felon-in-possession restrictions. "When describing the persons who possess rights under the Second Amendment, *Bruen* repeatedly used the phrase 'law-abiding, responsible citizens' or a variant." *Gay*, 2024 WL 1595285, at *3 (quoting *Bruen*, 597 U.S. at 26, 70). And "Justices Alito and Kavanaugh, whose votes were essential to the majority, wrote separately to say that Bruen did not change anything about *Heller*." *Id.* at *2. Accordingly, the Seventh Circuit held that a person who "does not fit" within the category of "'law-abiding, responsible citizens'" does not have "a constitutional right to possess firearms." *Id.* at *3 (quoting *Bruen*, 597 U.S. at 26, 70) (upholding § 922(g)(1) as applied to an individual with 22 felony convictions).

      The decision in *Gay* is consistent with the government's arguments in this case. This Court's post-*Heller* precedent, like *Gay*, holds that persons whose criminal histories bring them outside the category of law-abiding, responsible citizens do not have a constitutional right to possess firearms. *See* Gov't Br. 16-17. This Court should also join the courts of appeals that have held that § 922(g)(1) is not susceptible to individualized as-applied challenges. *See* Gov't Br. 30-32. But even if this Court were to "assume for the sake of argument that there is some room for as-applied challenges," that assumption would "not assist" persons who fall outside the category of law-abiding, responsible citizens. *Gay*, 2024 WL 159285, at *3. For the reasons explained in the government's brief, Zherka is not a law-abiding, responsible citizen. *See* Gov't Br. 10-12.

Thank you for your consideration.

                                          Respectfully submitted,

                                          DAMIAN WILLIAMS
                                          United States Attorney

                    By:    <u>/s/ Lucas Issacharoff</u>
                                          LUCAS ISSACHAROFF
                                          BENJAMIN H. TORRANCE
                                          Assistant United States Attorneys
                                          86 Chambers Street, 3rd Floor
                                          New York, New York 10007
                                          Tel.: (212) 637-2737/2703
                                          E-mail: lucas.issacharoff@usdoj.gov
                                                          benjamin.torrance@usdoj.gov

cc: Counsel of record (via ECF)