

**U.S. Department of Justice**

*United States Attorney*
*Southern District of New York*

---

*86 Chambers Street*
*New York, New York 10007*

June 24, 2024

By ECF

Catherine O'Hagan Wolfe
Clerk of the Court
United States Court of Appeals for the Second Circuit
Thurgood Marshall United States Courthouse
40 Foley Square
New York, New York 10007

      Re:    *Zherka v. Garland*, No. 22-1108
               Oral argument held May 8, 2023, before Judges Newman, Lynch, and Pérez

Dear Ms. Wolfe:

      Defendant-appellee (the "government") respectfully writes, pursuant to Rule 28(j), to inform this Court of *United States v. Rahimi*, No. 22-915, — S. Ct. —, 2024 WL 3074728 (2024). In *Rahimi*, the Supreme Court rejected a facial challenge to 18 U.S.C. § 922(g)(8), which prohibits individuals subject to a domestic violence restraining order from possessing a firearm. The Court held that, both facially and as applied to Rahimi, this prohibition is consistent with a "tradition of firearm regulation [that] allows the Government to disarm individuals who present a credible threat to the physical safety of others." *Id.* at *10.

      In rejecting Rahimi's facial challenge, the Supreme Court explained that a restriction on firearm possession does not need to be "identical to one found in 1791." *Id.* at *6. Courts and litigants that have advanced that argument have "misunderstood the methodology of [the Supreme Court's] recent Second Amendment cases," which "were not meant to suggest a law trapped in amber." *Id.* Instead, a modern regulation "must comport with the principles underlying the Second Amendment, but it need not be a 'dead ringer' or a 'historical twin.'" *Id.* "[T]he appropriate analysis involves considering whether the challenged regulation is consistent with the *principles* that underpin our regulatory tradition," even if it "does not precisely match its historical precursors." *Id.* (emphasis added).

      Here, as discussed more fully in the government's brief, the prohibition on possession of firearms by convicted felons comports with the principles that underpin our nation's regulatory tradition. (Govt. Br. 17-26). In keeping with those principles, the Supreme Court in *Rahimi* expressly reiterated its long-standing approval of "prohibitions, like those on the possession of firearms by 'felons and the mentally ill,'" which are "'presumptively lawful.'" 2024 WL 3074728 at *10.

      Thus, applying *Rahimi* to Zherka's Second Amendment challenge to 18 U.S.C. § 922(g)(1), the Court should affirm the constitutionality of this provision.

Thank you for your consideration.

                                                Respectfully submitted,

                                                DAMIAN WILLIAMS
                                                United States Attorney

By:    <u>/s/ Lucas Issacharoff</u>
          LUCAS ISSACHAROFF
          BENJAMIN H. TORRANCE
          Assistant United States Attorneys
          86 Chambers Street, 3rd Floor
          New York, New York 10007
          Tel.: (212) 637-2737/2703
          E-mail: lucas.issacharoff@usdoj.gov
                      benjamin.torrance@usdoj.gov

cc: Counsel of record (via ECF)