

U.S. Department of Justice

*United States Attorney*
*Southern District of New York*

*86 Chambers Street*
*New York, New York 10007*

August 12, 2024

<u>By ECF</u>

Catherine O'Hagan Wolfe
Clerk of the Court
United States Court of Appeals for the Second Circuit
Thurgood Marshall United States Courthouse
40 Foley Square
New York, New York 10007

   Re: *Zherka v. Garland*, No. 22-1108
      Oral argument held May 8, 2023, before Judges Newman, Lynch, and Pérez

Dear Ms. Wolfe:

  Defendant-appellee respectfully writes, pursuant to Rule 28(j), to note two recent decisions applying *Rahimi* and upholding 18 U.S.C. § 922(g)(1).

  *United States v. Jackson*, on remand from the Supreme Court following *Rahimi*, relied on the Supreme Court's repeated "assurances" regarding the constitutionality of felon-dispossession laws as well as "the history that supports them" to "conclude that there is no need for felony-by-felony litigation regarding the constitutionality of § 922(g)(1)." No. 22-2870, __ F.4th __, 2024 WL 3711155, at *4 (8th Cir. Aug. 8, 2024) (quotation marks omitted). Reviewing English, colonial, and founding-era history, it found a "historical tradition of firearm regulation" that included disarming "non-violent" offenders. *Id*. at *5. "This historical record suggests that legislatures traditionally possessed discretion to disqualify categories of people from possessing firearms to address a danger of misuse by those who deviated from legal norms, not merely to address a person's demonstrated propensity for violence." *Id*. at *6. Even if the historical inquiry should focus on dangerousness rather than lawbreaking alone, "[l]egislatures historically prohibited possession by categories of persons based on a conclusion that the category as a whole presented an unacceptable risk of danger if armed," with "no requirement for an individualized determination of dangerousness as to each person in a class of prohibited persons." *Id*. "Congress operated within this historical tradition when it enacted § 922(g)(1)." *Id*.

  *United States v. Moore* analogized § 922(g)(1), applied to a felon on supervised release, to founding-era laws that required convicted persons to forfeit their property—in some cases all personal property, in others only weapons. No. 23-1843, __ F.4th __, 2024 WL 3629416, at *3-4 (3d Cir. Aug. 2, 2024). It concluded, "during the founding era, forfeiture laws temporarily disarmed citizens who had committed a wide range of crimes"—including nonviolent crimes like counterfeiting and violations of market-protection rules. *Id*. "[E]arly American forfeiture laws— which required forfeiting property in general and arms in particular— . . . yield the principle that

a convict may be disarmed while he completes his sentence and . . . justifies applying § 922(g)(1)." *Id*. at *5.

        Respectfully submitted,

        DAMIAN WILLIAMS
        United States Attorney

By:   /s/ Benjamin H. Torrance
        LUCAS ISSACHAROFF
        BENJAMIN H. TORRANCE
        Assistant United States Attorneys
        86 Chambers Street, 3rd Floor
        New York, New York 10007
        Tel.: (212) 637-2737/2703
        E-mail: lucas.issacharoff@usdoj.gov
                 benjamin.torrance@usdoj.gov

cc: Counsel of record (via ECF)