

U.S. Department of Justice

*United States Attorney*
*Southern District of New York*

*86 Chambers Street*
*New York, New York 10007*

September 30, 2024

By ECF

Catherine O'Hagan Wolfe
Clerk of the Court
United States Court of Appeals for the Second Circuit
Thurgood Marshall United States Courthouse
40 Foley Square
New York, New York 10007

      Re:    *Zherka v. Garland*, No. 22-1108
              Oral argument held May 8, 2023, before Judges Newman, Lynch, and Pérez

Dear Ms. Wolfe:

      Defendant-appellee (the "government") respectfully writes, pursuant to Rule 28(j), to inform the Court of the Fifth Circuit's decision in *United States v. Diaz*, No. 23-50452, 2024 WL 4223684 (5th Cir. Sept. 18, 2024). In *Diaz*, the court rejected an as-applied and facial Second Amendment challenge to 18 U.S.C. § 922(g)(1).

      The court engaged in historical inquiry to analyze felony punishment and disarmament laws. Although the court held that felons are among "the people" protected by the Second Amendment (*contra* Gov't Br. 10-17), it deemed felon status relevant to whether a law is consistent with historical tradition. *Diaz* at *5. It thus analyzed whether "the Nation has a longstanding tradition of disarming someone" convicted of car theft, evading arrest, and unlawfully possessing a firearm. *Id*. It noted that under *Rahimi*, courts can consider laws "not explicitly related to firearms." *Id*. at *6. As theft at the time of the founding was punishable by forfeiture of the convict's estate or the death penalty, the court found "a historical tradition of severely punishing" thieves. *Id*. States did so "to adequately punish felons, deter reoffending, and protect society from those proven untrustworthy to follow the law"—the same reasons justifying § 922(g)(1). *Id*. at *7 (quotation marks omitted). And permanent disarmament under § 922(g)(1) aligned with the permanency of estate forfeiture or death—"if capital punishment was permissible to respond to theft, then the lesser restriction of permanent disarmament that § 922(g)(1) imposes is also permissible." *Id*. The court further identified traditions of punishment more specifically focused on disarming criminals, which "provide[d] for permanent arms forfeiture as a penalty" and thus support § 922(g)(1)'s constitutionality. *Id*. at *8.

      The Fifth Circuit's analysis applies to this case: like thievery, fraud-type offenses were serious felonies subject to capital punishment and estate forfeiture. (Gov't Br. 24-25); *see also* Kathryn Preyer, *Crime, the Criminal Law and Reform in Post-Revolutionary Virginia*, 1 L. & Hist. Rev. 53, 73 (1983) (cited by *Diaz*) (noting that "forgery [was] made unclergyable," i.e. not subject to relief from capital punishment, in Virginia in 1792).

Thank you for your consideration.

                                Respectfully submitted,

                                DAMIAN WILLIAMS
                                United States Attorney

By:    /s/ Lucas Issacharoff
        LUCAS ISSACHAROFF
        BENJAMIN H. TORRANCE
        Assistant United States Attorneys
        86 Chambers Street, 3rd Floor
        New York, New York 10007
        Tel.: (212) 637-2737/2703
        E-mail: lucas.issacharoff@usdoj.gov
                   benjamin.torrance@usdoj.gov

cc: Counsel of record (via ECF)