# Cooper & Kirk

Lawyers
A Professional Limited Liability Company

Peter A. Patterson
ppatterson@cooperkirk.com

1523 New Hampshire Avenue, N.W.
Washington, D.C. 20036

(202) 220-9600
Fax (202) 220-9601

November 15, 2024

**VIA ELECTRONIC FILING**
Catherine O'Hagan Wolfe, Clerk
United States Court of Appeals
  for the Second Circuit
Thurgood Marshall United
  States Courthouse
40 Foley Square
New York, New York 10007

    **Re:  Post-argument letter brief in *Zherka v. Garland*, No. 22-1108, regarding *Antonyuk v. James*, Nos. 22-2908(L), 22-2972(Con).**

Dear Ms. Wolfe,

    We submit this letter brief, per the Court's order of June 26, 2024, to address how this Court's decision in *Antonyuk v. James,* Nos. 22-2908(L), 22-2972(Con), 2023 WL 11963034 (2d Cir. Oct. 24, 2024), bears on this case. *Antonyuk* is entirely consistent with Zherka's argument in his post-*Rahimi* letter brief: Section 922(g)(1) cannot constitutionally be applied to an individual whose only prior convictions were for nonviolent crimes, because the historical principles underlying the Second Amendment indicate that only individuals who have been shown to be *dangerous* can be disarmed. *See* Zherka Ltr. Br., Doc. 159 at 3 (July 19, 2024).

As relevant here, *Antonyuk*, on a preliminary record and against a facial challenge, declined in part to enjoin New York's handgun permitting regime, which contains a "character requirement," providing that "[n]o license shall be issued or renewed except for an applicant ... of good moral character." 2023 WL 11963034, at *23 (quoting N.Y. Penal L. § 400.00(1)(b)). In finding that requirement likely constitutional, the Second Circuit first rejected the State's argument that the requirement was categorically constitutional in all applications because it targeted "only [] those individuals who *do not have Second Amendment rights* in the first place: the irresponsible" or those who are not "law-abiding" or "ordinary." 2023 WL 11963034, at *24. Calling this argument, "at best, a controversial supposition," the Court did not ultimately resolve the issue, but noted that "the Fifth Circuit, the Third Circuit en banc, and then-Judge Barrett in the Seventh Circuit" have all rejected that position. *Id.* (citing *Kanter v. Barr*, 919 F.3d 437, 453 (7th Cir. 2019) (Barrett, J., dissenting); *Range v. Att'y Gen.*, 69 F.4th 96, 101–03 (3d Cir. 2023) (en banc)*, granted, vacated, and remanded*, 144 S. Ct. 2706 (2024) (Mem.); *United States v. Rahimi*, 61 F.4th 443, 451–53 (5th Cir. 2023), *rev'd and remanded on other grounds*, 144 S. Ct. 1889 (2024)).

As Zherka noted in his post-*Rahimi* brief, the Government has made the same argument here. *See* Zherka Ltr. Br. at 5–6. But at least as to the "responsible/irresponsible" labels, the Supreme Court has definitively rejected the idea that

Catherine O'Hagan Wolfe
November 15, 2024
Page 3 of 6

such a "vague" standard can deprive entire classes of Americans of their constitutional rights. *Rahimi*, 144 S. Ct. at 1903; *see also Antonyuk*, 2023 WL 11963034, at *24 n.26. Though it classed the discussion in *Rahimi* as dictum, *Antonyuk* stressed that this Court is not free to "disregard it, any more than we may disregard the portion of the *Bruen* majority's historical analysis that went beyond what was necessary to decide the case." 2023 WL 11963034, at *25 n.30. *Antonyuk*'s refusal to adopt the Government's argument that individuals who are not "law-abiding" or "ordinary" can be entirely excluded from the text of the Second Amendment, was necessary in order to comply with this language from *Rahimi*. Indeed, as Zherka has previously explained, "law-abiding" is treated precisely the same as "responsible" in the Supreme Court's Second Amendment precedent. *See* Zherka Ltr. Br. at 6. And all the concerns about vagueness and overbreadth of the "responsible" label apply to "law-abiding" and "ordinary." There is simply no warrant in either constitutional text or our nation's history to find that individuals who are not "ordinary" or "law-abiding" fall outside of the protective scope of the Second Amendment. *Rahimi* and *Antonyuk* both spell the end for the Government's textual arguments in this case.

Turning to history, consistent with *Rahimi*, there is just one historical principle that supports disarming an individual on account of a prior criminal conviction: when that prior conviction demonstrates the individual "poses a clear threat

of physical violence to another." *Rahimi*, 144 S. Ct. at 1901. As the Supreme Court has explained, the Second Amendment rule in this regard is no different than "what common sense suggests." *Id*. It stands to reason that if "the Second Amendment codifies a pre-existing right to keep and bear arms for self-defense in case of confrontation," *Antonyuk*, 2023 WL 11963034, at *8, then the Second Amendment permits disarmament of those people against whom ordinary individuals may need to defend themselves. But that rationale does not extend to cover any individual who has broken a law completely unrelated to violence or the threat of violence, like Zherka, any more than it extends to justify disarmament of those who are "irresponsible." After all, nonviolent former felons, just like irresponsible people, have the same fundamental right to defend themselves as anyone else.

*Antonyuk* is entirely consistent with this reasoning. In ultimately upholding the character requirement, the Second Circuit stressed that the challenge before it was a facial one, meaning that the plaintiffs had to show that there was no set of circumstances in which inquiring as to an individual's character could be relevant to whether that individual was constitutionally entitled to carry a firearm for self-defense. *Id*. at *25. Again eschewing the State's invitation to base its decision upon any broader basis, the Court found that the "character requirement" would, at least, be constitutional if used to deny a permit to an individual who, "if permitted to wield a lethal weapon, would pose a danger to himself, to others, or to public

safety," stressing that "dangerousness is the core of New York's character requirement," and that denying an application "to an individual deemed likely to pose such a danger ... would clearly fall within the historical tradition of preventing dangerous individuals from carrying guns." *Id.* at *25–26. The Court emphasized that it was not precluding the possibility of future as-applied challenges, and it cautioned that permit denials, based on the character requirement, "may well be deemed arbitrary" where they were not specifically tied to "the applicant's untrustworthiness to carry a gun without endangering the safety of himself or others." *Id.* at *27. Under this same reasoning, Zherka's lifelong firearms disability is unconstitutional. His status as a former felon is entirely unmoored from any risk of his using a firearm to endanger the safety of himself or others. Under *Antonyuk*, as under *Bruen* and *Rahimi*, the Court should hold Section 922(g)(1) unconstitutional as-applied to Zherka.

Sincerely,

s/Peter A. Patterson
Peter A. Patterson
COOPER & KIRK PLLC
1523 New Hampshire Ave., N.W.
Washington, DC 20036
ppatterson@cooperkirk.com
Tel: (202) 220-9600
Fax: (202) 220-9601

*Attorney for Appellant*

cc : All counsel of record via CM/ECF