

**U.S. Department of Justice**

*United States Attorney*
*Southern District of New York*

86 Chambers Street
New York, New York 10007

December 20, 2024

By ECF

Catherine O'Hagan Wolfe
Clerk of the Court
United States Court of Appeals for the Second Circuit
Thurgood Marshall United States Courthouse
40 Foley Square
New York, New York 10007

      Re:    *Zherka v. Garland*, No. 22-1108
              Oral argument held May 8, 2023, before Judges Newman, Lynch, and Pérez

Dear Ms. Wolfe:

      Defendant-appellee respectfully writes, pursuant to Rule 28(j), to inform the Court of the decision in *United States v. Hunt*, __ F.4th __, No. 22-4525, 2024 WL 5149611 (4th Cir. Dec. 18, 2024). In *Hunt*, the court rejected a felon's claim that 18 U.S.C. § 922(g)(1) violated the Second Amendment in the wake of *New York State Rifle & Pistol Ass'n, Inc. v. Bruen*, 597 U.S. 1 (2022), and *United States v. Rahimi*, 602 U.S. 680 (2024).

      The court held it was bound by its prior ruling in *Hamilton v. Pallozzi*, 848 F.3d 614, 626 (4th Cir. 2017), upholding the constitutionality of § 922(g)(1) as applied to all felons. 2024 WL 5149611, at *3-4. The court emphasized *Bruen*'s consistency with *District of Columbia v. Heller*, 554 U.S. 570 (2008), including *Heller*'s statements regarding the constitutionality of felon-in-possession restrictions. 2024 WL 5149611, at *4; (Gov't Br. 16-17). The court further adhered to its "pre-*Bruen* conclusion that people who have been convicted of felonies are outside the group of law-abiding responsible citizens that the Second Amendment protects," as those precedents (including *Hamilton*)—like this Court's decision in *United States v. Bogle*, 717 F.3d 281 (2d Cir. 2013)—did not rely on the means-end scrutiny *Bruen* rejected. *Id.* (quotation marks and alterations omitted); (Gov't Br. 16-17).

      The *Hunt* court further noted that, even if it were not bound by its pre-*Bruen* precedent, it would find § 922(g)(1) constitutional in all circumstances. "Section 922(g)(1) regulates activity—that is, the possession of firearms by felons—that falls outside the scope of the Second Amendment right as originally understood." *Id.* at *5 (quotation marks and alterations omitted); (Gov't Br. 13-16). And "[e]ven if Section 922(g)(1) did regulate activity within the scope of the Second Amendment, we would reach the same conclusion." Relying on both laws pertaining to felons and laws restricting firearm possession by those deemed to be dangerous, the court concluded that § 922(g)(1) fits within this nation's historical tradition of firearm regulation as applied to all felons. *Id.* at *5-7; (Gov't Br. 17-26).

Thank you for your consideration.

                                              Respectfully submitted,

                                              EDWARD Y. KIM
                                              Acting United States Attorney

By:    /s/ Lucas Issacharoff
           LUCAS ISSACHAROFF
           BENJAMIN H. TORRANCE
           Assistant United States Attorneys
           86 Chambers Street, 3rd Floor
           New York, New York 10007
           Tel.: (212) 637-2737/2703
           E-mail: lucas.issacharoff@usdoj.gov
                     benjamin.torrance@usdoj.gov

cc: Counsel of record (via ECF)