

U.S. Department of Justice

*United States Attorney*
*Southern District of New York*

*86 Chambers Street*
*New York, New York 10007*

May 9, 2025

By electronic filing

Catherine O'Hagan Wolfe
Clerk of the Court
United States Court of Appeals for the Second Circuit
Thurgood Marshall United States Courthouse
40 Foley Square
New York, New York 10007

      Re:    *Zherka v. Bondi*, No. 22-1108
              Oral argument held May 8, 2023, before Judges Newman, Lynch, and Pérez

Dear Ms. Wolfe:

      Defendant-appellee writes under Rule 28(j) regarding developments concerning 18 U.S.C. § 925(c), which permits persons disqualified from possessing firearms to apply "for relief from the disabilities." (Gov't Br. 29-32).

      Before 2025, authority to consider § 925(c) applications was delegated to ATF. *United States v. Bean*, 537 U.S. 71, 74 (2002). Since 1992, however, appropriations statutes have prohibited ATF from acting on § 925(c) applications. *Id.* Together, the delegation and the appropriations bar effectively suspended § 925(c)'s operation.

      The Attorney General recently issued an interim rule withdrawing the delegation to ATF, as an "appropriate first step" in a "new approach to the implementation of" § 925(c). 90 Fed. Reg. 13,080 (Mar. 20, 2025). DOJ "anticipates future actions, including rulemaking . . . to give full effect to [§ 925(c)] while simultaneously ensuring that violent or dangerous individuals remain disabled from lawfully acquiring firearms." *Id.* at 13,083.

      Zherka would be unlikely to qualify for relief under § 925(c), which requires that "the applicant will not be likely to act in a manner dangerous to public safety and that the granting of the relief would not be contrary to the public interest." *See United States v. Zherka*, 592 F. App'x 35, 36 (2d Cir. 2015) (affirming pretrial detention based on findings that "Zherka is a danger to the community by reason of prior instances of violence (and more recent boasts about that violence), as well as a history of obstruction of justice"); Memorandum of Law in Support of Motion for Pre-Trial Detention 5-18, *United States v. Zherka*, 14 Cr. 545 (S.D.N.Y.), ECF No. 6 (detailing and substantiating that history).

      Nevertheless, the Court may consider that § 925(c) provides a mechanism for felons to regain the ability to possess firearms and thus addresses any constitutional concerns about the breadth and duration of § 922(g)(1)'s restriction. *See United States v. Williams*, 113 F.4th 637,


661 (6th Cir. 2024) (an operational § 925(c) "might provide disarmed felons the chance required by the Second Amendment" to restore firearms rights). Additionally, it provides a more workable process for restoring firearms rights than as-applied court challenges. *See Bean*, 537 U.S. at 77 (§ 925(c) inquiry is "best performed by the Executive").

                                                Respectfully submitted,

                                                JAY CLAYTON
                                                United States Attorney

By:    <u>/s/ Benjamin H. Torrance</u>
          BENJAMIN H. TORRANCE
          Assistant United States Attorney
          86 Chambers Street, 3rd Floor
          New York, New York 10007
          Tel.: 212.637.2703
          E-mail: benjamin.torrance@usdoj.gov

cc: Counsel of record (via electronic filing)