

*U.S. Department of Justice*

*United States Attorney*
*Southern District of New York*

*86 Chambers Street*
*New York, New York 10007*

May 12, 2025

<u>By electronic filing</u>

Catherine O'Hagan Wolfe
Clerk of the Court
United States Court of Appeals for the Second Circuit
Thurgood Marshall United States Courthouse
40 Foley Square
New York, New York 10007

  Re: *Zherka v. Bondi*, No. 22-1108
     Oral argument held May 8, 2023, before Judges Newman, Lynch, and Pérez

Dear Ms. Wolfe:

  Defendant-appellee respectfully writes pursuant to Rule 28(j) to apprise the Court of the Ninth Circuit's divided en banc decision in *United States v. Duarte*, which held that 18 U.S.C. § 922(g)(1) "is not unconstitutional as applied to non-violent felons." __ F.4th __, No. 22-50048, 2025 WL 1352411, at *3 (9th Cir. May 9, 2025). The now-vacated panel decision in *Duarte* was the subject of Rule 28(j) letters from the parties in May 2024. (Dkt. Nos. 145, 147).

  As the court noted in *Duarte*, four courts of appeals—the Fourth, Eighth, Tenth, and Eleventh Circuits—have "upheld the categorical application of § 922(g)(1) to all felons"; the Fifth and Sixth Circuits "have rejected as-applied challenges, but have left open the possibility that § 922(g)(1) might be unconstitutional as applied to at least *some* felons"; and the Third Circuit has held § 922(g)(1) unconstitutional as applied to a nonviolent felon. *Id.* at *2-3. Joining the first group of courts, *Duarte* relied on the Supreme Court's repeated assurances that prohibitions on felons' possession of firearms remain constitutional after *Heller*—a principle unaffected by *Bruen*, which emphasized that the Second Amendment protects the rights of "law-abiding citizens" and expressly disavowed any suggestion that shall-issue licensing regimes that prevent felons from obtaining firearms are invalid. *Id.* at *4-5. *Duarte* concluded that those decisions, along with *Rahimi*, "recognize a historical tradition of firearm regulation that supports the categorical application of § 922(g)(1) to felons." *Id.* at *6. Reviewing historical evidence, the court found two "regulatory principles," each sufficient to support § 922(g)(1)'s constitutionality. *Id.* at *9. Legislatures could disarm those who committed serious crimes, who in the founding era were typically punished by death and therefore

were not entitled to arms, as recognized by pre- and post-ratification English and American history. *Id.* at *9-12. Legislatures could also categorically disarm those they deem dangerous without individualized determinations. *Id.* at *12-13.

Thank you for your consideration.

Respectfully submitted,

JAY CLAYTON
United States Attorney

By:    <u>/s/ Benjamin H. Torrance</u>
BENJAMIN H. TORRANCE
Assistant United States Attorneys
86 Chambers Street, 3rd Floor
New York, New York 10007
Tel.: 212.637.2703
E-mail: benjamin.torrance@usdoj.gov

cc: Counsel of record (via electronic filing)