# Cooper & Kirk

Lawyers
A Professional Limited Liability Company

Peter A. Patterson
ppatterson@cooperkirk.com

1523 New Hampshire Avenue, N.W.
Washington, D.C. 20036

(202) 220-9600
Fax (202) 220-9601

May 21, 2025

**VIA ELECTRONIC FILING**
Catherine O'Hagan Wolfe, Clerk
United States Court of Appeals
  for the Second Circuit
Thurgood Marshall United
  States Courthouse
40 Foley Square
New York, New York 10007

      Re:   *Zherka v. Bondi*, **No. 22-1108 (oral argument held May 8, 2023 before Judges Newman, Lynch, and Pérez)**

Dear Ms. Wolfe,

      Plaintiff-Appellant writes in response to the government's submission of *United States v. Duarte*, No. 22-50048, 2025 WL 1352411 (9th Cir. May 9, 2025).

      *Duarte* concluded that *Heller*'s statement that the ban on felon possession was "presumptively lawful" entirely insulated it from as-applied challenge. *Id.* at *4 (quotations omitted). This position is untenable in light of *Bruen*'s clear instruction that *all* laws must be analyzed according to its methodology, and *Heller*'s "presumptively lawful" language should be taken merely as a forecast by the Supreme Court that Section 922(g)(1) would, *when analyzed*, wind up being constitutional in at least some applications. *See District of Columbia v. Heller*, 554 U.S. 570, 626-27 & n.26 (2008). As Judge VanDyke explained in his concurrence, "*all* legislation is entitled to a presumption of constitutionality … [b]ut no one thinks *that* longstanding presumption gives statutes … blanket immunity from searching constitutional scrutiny." *Duarte*, at *30 (VanDyke, J., concurring).

      *Duarte*'s alternative conclusion that the law is historically justified in all applications fares no better. First, the court held that because people convicted of

# Cooper & Kirk
#### Lawyers

Catherine O'Hagan Wolfe, Clerk
May 21, 2025
Page 2 of 2

"serious crimes" at the Founding could be sentenced to death, it follows that they could be then (and can be now, when very few crimes are capital) disarmed. *Duarte*, at *10-11. Second, the court held that legislatures have always had the power to categorically disarm populations that they conclude are "dangerous." *Id.* at *12-13.

As to the first argument, Zherka has previously explained that this sort of greater-includes-the-lesser reasoning is entirely inconsistent with *Bruen*, Post-*Rahimi* Ltr. Br., Doc. 159 at 8-9 (July 19, 2024), and as Judge VanDyke demonstrates, the historical underpinnings for even the premise of the argument are much "shak[ier]" than the majority lets on. *Duarte*, at *32-37 (VanDyke, J., concurring). As to the second, *Duarte itself* recognizes that the laws it relies upon for this historical tradition "reflect overgeneralized and abhorrent prejudices that would not survive legal challenges today," *Duarte*, at *13; *see also* Doc. 159 at 6-7; *Duarte*, at *45 (noting that adopting this broad rationale "grant[s] legislatures unreviewable discretion to disarm entire categories of individuals"(VanDyke, J., concurring)).

Sincerely,

s/Peter A. Patterson
Peter A. Patterson
COOPER & KIRK PLLC
1523 New Hampshire Ave., N.W.
Washington, DC 20036
ppatterson@cooperkirk.com
Tel: (202) 220-9600
Fax: (202) 220-9601

*Attorney for Appellant*

cc: All Counsel of Record